## 2238.    HANSFORD *v.* THE STATE.

The proof for the State makes out all the elements of a clear case of criminal cheating and swindling.

Accusation of cheating and swindling; from city court of Sylvester—Judge Williamson.    October 9, 1909.

Submitted November 30,—Decided December 10, 1909.

*Polhill & Tyson, Zach. Childers,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

POWELL, J.    The defendant was convicted of cheating and swindling.    It appears that he needed some sixty odd dollars for an immediate purpose, and appealed to the prosecutor for it.    The prosecutor first refused to lend it to him, on the ground that he had recently been through bankruptcy and had no property.    The defendant then informed him that, notwithstanding the bankruptcy, he now owned a certain horse, then in his possession, and that he would give a mortgage on the horse.    Upon this representation and statement, the prosecutor let the defendant have the money, or rather let him have his check for the money; for the defendant stated that he might not need it, but that if he did, he would collect the check and bring the mortgage, and if he did not, he would return the check.    He promptly collected the check and sold the horse without giving the mortgage.    It turned out afterward that the horse did not belong to the defendant at all, but belonged to his wife.    The defendant offered no witnesses, and merely set up that he had made no representation as to the title of the horse and did not agree to give any mortgage on it.

The motion for new trial presents merely the usual general grounds, with an elaboration of them by the attempt to show wherein the State's proof fails to make out a case of guilt.    We see no element of the offense lacking.    It was a clear, plain case of

criminal cheating and swindling. There was a false pretense as to the ownership of the horse, as well as the false promise as to the giving of the mortgage. The criminal potency of the false pretense is not destroyed by coupling with it a false promise of something to be done in the future. Under the evidence, which is but briefly recited above, an intelligent jury could hardly fail to infer that the defendant had deliberately, intentionally, and fraudulently made the false pretense, with a purpose of getting money thereon, and that the prosecutor let him have the money by reason of his untrue statement. It seems to have been a case of deliberate, intentional deceiving as to a present fact, resulting in the procurement of money, to the loss and damage of the prosecutor; and this is criminal. By the motion for new trial and by the argument here, counsel for the defendant seeks to make the point that the allegations of the accusation did not fully charge the offense. This point can not be made in this way; and even if it could, the point in the present case would not be well taken, for there was no special demurrer, and the accusation was good as against general demurrer.

*Judgment affirmed.*