## 6162.  MATHEWS, warden, *v.* SWATTS.

1. The oral statements of a judge, in passing sentence, which are not incorporated in the written judgment signed by him, are no part of the sentence or judgment, whether they are made before or after the signing of the judgment.
2. A judge has no authority ,to amend his judgment in any particular after the term of court at which it was passed has expired; and when amended at that term, it must be before the execution of the sentence has begun, and it must be done in writing and be signed by the judge. There is no such thing in law as an oral amendment of a judicial sentence or judgment.
3. Where a petition for habeas corpus clearly shows on its face that the detention is lawful, there is nothing to investigate, and the writ should be quashed.

DECIDED APRIL 20, 1915.

Habeas corpus; from city court of Cairo—Judge Singletary. November 12, 1914.

*M. L. Ledford,* for plaintiff in error.

*J. S. Weathers, Ira Carlisle,* contra.

BROYLES, J.  H. T. Swatts brought habeas corpus proceedings for the release of John Donald from the chain-gang of Grady county, alleging that he was wrongfully detained by W. C. Mathews, warden of Grady county convicts.  Mathews produced the body of Donald and filed his return, and moved to quash the writ. The motion was overruled, and the case proceeded to a hearing.  At the conclusion of the evidence the judge passed an order directing the discharge of Donald.  It appears from the petition that Donald was given two sentences on April 27, 1914, each being for a term of service of six months upon the chain-gang, to be relieved upon the payment of $50 in each case, provided the payment was made within five days.  It was stipulated in the second sentence that it was to begin at the expiration of the first sentence.  Donald served the first sentence, and on October 27, 1914, Swatts paid W. J. Willie, the solicitor of the court, $37.50, as in full payment of the fine imposed upon Donald for the second sentence, •this being the date when the first sentence expired.  It is further alleged in the petition that, at the time the sentences were imposed upon Donald, the judge stated in open court that the defendant would be relieved of the sentences upon the payment of $37.50 for each of the offenses of which he had been convicted, but that by inadvertence the clerk of the court made the fine in each instance $50; that the

payment of the $37.50 in behalf of Donald was received by W. J. Willie, the solicitor of the city court, in full satisfaction of the second fine and sentence.

1, 2.   It is well settled that oral announcements of a judge are no part of his judgment in a case.   And the decisions are without exception that a trial judge can not amend or modify a sentence after it has been duly entered up and signed by him and the term of court has passed.   An oral announcement, made before or after he has signed the judgment, will be treated as mere surplusage.   A judgment of a court of record can only be shown by its records. Where there is no record there is no judgment.   "A judgment is a decision or sentence of the law pronounced by the court, and entered upon its docket, minutes, or record.   A mere oral decision is not a judgment   .   .   until it has been put in writing and entered as such."   *Easterling* v. *State*, 11 *Ga. App.* 134 (74 S. E. 899).   "What the judge orally declares is no judgment until it has been put in writing as such."   *Freeman* v. *Brown*, 115 *Ga.* 27 (41 S. E. 385).   In this case the valid alternative sentence was a fine of $50, not $37.50, and any evidence to the effect that during the trial the judge orally stated that the defendant would be released upon the payment of $37.50 was irrelevant and incompetent, and on motion should have been ruled out.   The effect of the discharge of Donald, under the state of facts shown, was clearly to commute a penalty, and to usurp executive power vested in the Governor alone.   As was said in *Rutland* v. *State*, 14 *Ga. App.* 751 (82 S. E. 293):   "According to the weight of authority, the rule is that a judgment or decree can be amended or corrected only where there is sufficient record evidence, or evidence quasi of record, to sustain the amendment, and that extraneous evidence can not be received for this purpose.   In this connection it is generally considered that the notes and minutes made by the judge upon his docket are record evidence; but the amendment can not be based on the judge's knowledge or recollection of the facts, or his affidavit in regard to the error to be corrected.   23 Cyc. 879 (sub-par. G).   In *Dixon* v. *Mason*, 68 *Ga.* 478 (2), it was held that a judgment must be amended by an inspection of the record, including the verdict and pleadings.   Parol proof can not furnish a ground of amendment not in the record.   For this reason   .   .   we are of the opinion that neither the evidence of the clerk in regard to the oral an-

nouncement of the judge, nor the testimony of the judge himself, should have been considered in determining the question of whether the judgment should be amended. A judge can not be a witness in his own court. Nor should his judgment be affected by his own knowledge of the facts affecting the issue."

The record shows that the term of the court expired without the sentence or judgment of the court having been legally amended or modified; and, of course, under the law, the judge would have no authority afterwards to amend it. As was said by Lord Coke: "Yet during the terme wherein any judicial act is done, the record remaineth in the breast of the judges of the court, and in their remembrance; and therefore the roll is alterable during the terme, as the judges shall direct; but when that terme is past, then the record is in the roll, and admitteth no alteration, averment, or proof to the contrarie." Coke, Litt. 260 a; 12 Cyc. 784 (n. 8).

3. The writ of habeas corpus is a "writ of right," and its beneficent effects ought not to be dissipated by subtle objections and technical niceties, and the technical rules of pleading are not applicable in such a proceeding. After the writ is issued and the respondent has appeared in answer to it, the sufficiency of the petition can not be tested by a demurrer; but if the petition clearly shows on its face that the detention is lawful, there is nothing to investigate, and the writ should be quashed. *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305 (42 S. E. 780, 61 L. R. A. 739) ; *Davis* v. *Smith*, 7 *Ga. App.* 196 (66 S. E. 401). Under the facts of this case, the petition for the writ of habeas corpus clearly showing on its face that the detention of Donald was lawful, the judge should have quashed the writ.                    *Judgment reversed.*