PORTER, solicitor-general, *v.* GARMONY, sheriff.

1. Where one accused of a misdemeanor was convicted, and at the term at which the trial took place was sentenced to serve a term in the chain-gang, and the accused carried the case by writ of error to the Court of Appeals, where the judgment of the lower court was affirmed, the trial court was without authority at a subsequent term, upon making the judgment of the appellate court the judgment of the trial court, to modify and change the sentence formerly imposed; and where he did pass an order modifying and changing the sentence, such order was void, as the court was without jurisdiction to alter the sentence originally imposed.

2. The accused failing to respond to his bond, he might be rearrested upon an order of the court or a bench warrant properly issued.

3. As the court might issue a bench warrant or order for the arrest of the defendant in the criminal case for the purpose of having him delivered by the sheriff to the chain-gang authorities, and as the issuance of such an order or bench warrant was adequate for the purpose of having the sentence of the court enforced, mandamus proceedings against the sheriff to compel him to rearrest the defendant would not lie.

No. 535. JULY 11, 1918.

Petition for mandamus. Before Judge Wright. Walker superior court. July 11, 1917.

At the August term, 1915, of the superior court of Walker County, Marvin Hatfield was convicted of a misdemeanor, and was sentenced to serve a term of twelve months in the chain-gang. The defendant made a motion for a new trial, and gave bond. His motion for a new trial was overruled, and he excepted, suing out a writ of error to the Court of Appeals. That court affirmed the judgment of the lower court. Upon presentation of the remittitur from the Court of Appeals the superior court passed the following order: "It is ordered and adjudged by the court that the remittitur in said case from the Court of Appeals to this court, dated the 31st day of October, 1916, hereto attached, be entered on the minutes of this court, together with this order and judgment, and that the judgment of the Court of Appeals, as indicated in said remittitur, be made the judgment of this court. It is further ordered and adjudged by the court that the said sentence and judgment of this court, heretofore granted in this case, to wit: that said Marvin Hatfield serve twelve months in the chain-gang, be and the same is modified so that the defendant be and is sentenced to pay a fine of $550.00 and all costs of the prosecution; . . and that upon said defendant's failure to pay said fine and cost he be confined in the chain-gang, as provided by law, for

twelve months; upon his payment of said fine and costs the defendant will be finally discharged. This December 20th, 1916." The fine imposed in this alternative sentence was paid by the defendant. Subsequently to the adjournment of the term at which the fine was imposed, the solicitor-general of the Rome circuit filed his petition for mandamus to require the sheriff of Walker county to rearrest the defendant, in order to enforce the sentence as originally imposed according to the terms thereof. A mandamus nisi was issued, but upon the hearing the court refused a mandamus absolute, and the petitioner excepted.

*Earl A. Jackson, John W. Bale,* and *Maddox & Doyal,* for plaintiff. *F. W. Copeland* and *W. M. Henry,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The court did not err in refusing to grant a mandamus absolute in this case. While we are of the opinion that so much of the order set forth in the statement of facts as purports to modify the original sentence in the case was void, and that the original sentence continued to be a valid, subsisting, and unexecuted sentence, proceedings for a writ of mandamus were not maintainable under the facts. When the term at which the sentence imposed expired the judge was without authority to change it, and an order purporting to change and modify it was void. *Mathews* v. *Swatts,* 16 *Ga. App.* 208 (84 S. E. 980) ; *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175) ; *Daniel* v. *Persons,* 137 *Ga.* 826 (74 S. E. 260).

But there was another plain legal remedy. And where there is another existing remedy, mandamus will not lie. Civil Code, § 5440; *Hall* v. *Martin,* 136 *Ga.* 549 (71 S. E. 803). The defendant in the case, Hatfield, was under bond, and under this bond he was required to appear and abide the judgment of the court. If he failed to appear and his bond was forfeited, then it was the duty of the court to issue a bench warrant or simply an order to the sheriff to rearrest him and deliver him to the proper chain-gang authorities. With this plain, simple remedy existing, which was adequate to the enforcement of the valid existing sentence of the court, the writ of mandamus was unnecessary. If such an order or bench warrant had been issued and the sheriff had then refused to execute the same, mandamus proceedings might lie to compel the performance of this plain ministerial duty.

*Judgment affirmed. All the Justices concur.*