## AULDRIDGE *v.* WOMBLE, warden.

1. The minutes of every court of record must be read each morning by the clerk in open court, and, on the adjournment of the court, must be signed by the judge, judges, or justices thereof; but, if not signed, are valid, unless repudiated by the court. Civil Code, § 4646.
2. Where a judge imposed a misdemeanor sentence during a term of court, the fact that subsequently to the adjournment of that term he passed an order which in effect changed and modified the sentence did not show a repudiation of the minutes.
3. After the adjournment of the term of court at which a sentence is imposed the judge is without authority to change and modify it.
4. The principle of law contained in the decisions of this court, holding that after the adjournment of the term of court at which the sentence

is imposed the judge cannot change and modify it, was not altered by the provisions of section 1 of the act relating to the probation of offenders in certain cases, approved August 16, 1913 (Acts 1913, p. 112).

No. 3845. DECEMBER 12, 1923.

Habeas corpus. Before Judge W. H. Davis. City court of Waynesboro. June 13, 1923.

Auldridge, at the April term, 1923, of Burke superior court pleaded guilty in three cases to the theft of baled cotton, and was sentenced as for a misdemeanor, to a total of nine months on the chain-gang. He began the execution of his sentence on or about April 7, 1923. On June 4, the judge of the superior courts of the Augusta circuit entertained a petition to mitigate the original sentence, and, based upon numerous letters from responsible and prominent citizens of Burke County, passed an order changing the original sentence imposed to a probation sentence, and authorized the warden of the chain-gang to release Auldridge from his custody. On June 6, 1923, the judge passed another order rescinding the order of release and requiring the sheriff to rearrest Auldridge and place him on the chain-gang for the completion of his sentence. After Auldridge had been put back on the chain-gang he instituted habeas-corpus proceedings; and the warden answered that he was being held to complete his original sentence. The judge hearing the application for habeas corpus refused to discharge the applicant, and remanded him, without bail, to the custody of the warden.

*P. B. Lewis Jr.,* for plaintiff.

*George Hains, solicitor-general, Joseph Law,* and *John M. Graham,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The judge before whom the application for habeas corpus was heard did not err in refusing to discharge the prisoner. The respondent pleaded that the prisoner was held for the completion of his legally imposed sentence, and that the order of June 4, 1923, was void. With this contention we agree. The April term of court at which the applicant had been sentenced adjourned on the 5th day of April. The plaintiff in error insists that there was no evidence that the court adjourned on the 5th day of April, or at any other date; and that the presumption was, in the absence of evidence showing the adjournment of court, that it continued in session. But the evidence of the adjournment of the court on the 5th of April is in the record.

There is an entry on the minutes of the court to the effect that the court did adjourn on April 5th. It is true the judge did not sign the minutes; but in section 4646 of the Civil Code it is provided that "The minutes of every court of record must be read each morning by the clerk in open court, and, on the adjournment of the court, must be signed by the judge, judges, or justices thereof; but, if not signed, are valid, unless repudiated by the court." Clearly this entry on the minutes shows the adjournment of the court on the date recited, and establishes conclusively that the court did then adjourn, unless it is shown that the judge repudiated the minutes. And the mere fact that the court passed an order, subsequently to the date of the adjournment, modifying the sentence which he had passed in term time, did not have the effect of repudiating the entry on the minutes duly made by the clerk. After the adjournment of the court the judge was without authority to modify and change the sentence. *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426) ; *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293).

Counsel for plaintiff in error in their brief insist, however, that under the sentence as originally imposed it was the evident intention of the court to sentence the defendant under the provisions of the probation-sentence law (Acts 1913, p. 112) ; that section 1 of that act does not restrict the discretion of the judge as to the time when he should give the defendant the benefit of the provisions of the act. That section of the probation act reads in part as follows: "In all prosecutions for crime, except as hereinafter provided, where the defendant has been convicted either upon a trial or upon his plea, where the court has power to sentence such defendant to the chain-gang, jail, or other place of detention in this State, where it appears to the satisfaction of the court that the circumstances of the case and the public good does not demand or require the defendant's incarceration, said court may mold its sentence so as to allow the defendant to serve same outside the confines of the chain-gang, jail, or other place of detention, under the supervision of the court, and in such manner and on such conditions as it may see fit, giving the reasons therefor, which shall be made part of the record." We are of the opinion that the part of the act quoted, allowing the court to mold its sentence so as to allow the defendant to serve the same outside the confines of the chain-gang, etc., confers upon the court the power to mold

the sentence at the time the same is imposed, or during the term at which the judgment and sentence is rendered; but it does not allow him, after the adjournment of the term of the court at which the sentence is imposed, to change and mold it; and the law and the decisions of this court holding that the judge cannot change the sentence after the adjournment of the court are still of force.

It follows from what we have said that the release of the prisoner by the warden upon the order passed by the judge on June 4, 1923, was without legal authority, as it was based upon an order that was void; and it was the duty of the warden, especially after the order of the judge directing the prisoner to be reconfined in the chain-gang, to return the prisoner to the chain-gang, and his detention there was not illegal.

*Judgment affirmed.   All the Justices concur.*