### 31692. WRIGHT v. THE STATE.

DECIDED OCTOBER 8, 1947.

*J. W. Kieve, H. G. Rawls,* for plaintiff in error.

*Maston O'Neal, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In the construction of statutes it is the duty of the court to look for the intention of the General Assembly, keeping in view, at all · times, the old law, the evil and the remedy. Code, § 102-102(9). It is therefore the duty of the court to seek to determine the intention of the General Assembly in its passage of the act to provide for plea of nolo contendere (Ga. L. 1946, p. 142). This brings us to a consideration of the law existing prior to the passage of the nolo contendere statute. Prior thereto, in all cases where the defendant entered a plea of guilty, in a court of competent jurisdiction, the same could be used against him if otherwise admissible, as an admission of guilt. After plea of guilty was entered to certain specific charges or any crime involving moral turpitude, the person entering such plea was thereafter deprived of holding public office, voting and serving upon juries. The General Assembly, no doubt, had in mind that these penalties, in addition to the punishment provided for by law as to the respective offenses charged, would often be too drastic in specific instances; that ofttimes the degree of wrong surrounding the circumstances of one defendant would be so much less than that surrounding another, and yet the facts be such that no valid defense to the crime could be interposed. Also the General Assembly doubtless regarded a plea of guilty as too harsh, as applied to a person of good moral character and standing in his community, he being technically guilty of a crime, without a valid defense, and such plea often being admissible against him in other court proceedings. The foregoing being the old law and the evil, the General Assembly cast about for the remedy. Following the lead of other jurisdictions, including our Federal system of jurisprudence, provision was made for a plea of guilty that in the discretion of the court could be employed by defendants thus guilty of crime, which would authorize the court to impose the punishment fixed by statute as to the offense charged, without also carrying with it the objectionable and infamous provisions of law as herein outlined. As in

other jurisdictions, this plea was named nolo contendere. We believe the General Assembly intended for the plea of nolo contendere to stand upon the same footing as a plea of guilty in all respects except where otherwise specially provided to constitute the remedy of the evil of the old law, and that the right to withdraw the plea be accorded any time before pronouncement of judgment, as provided in Code, § 27-1404, as to a plea of guilty.

The decision by Judge Gardner in *Clark* v. *State, 72 Ga. App.* 603 (supra), reviews and discusses fully all the cases of both the Supreme Court and this court herebefore decided on the subject of the right of the defendant to withdraw a plea of guilty before the pronouncement of the sentence. Counsel for the defendant in error relies on *Griffin* v. *State,* 12 *Ga. App.* 615 (77 S. E. 1080); *Sanders* v. *State,* 18 *Ga. App.* 786 (90 S. E. 728); and the dissenting opinion of Judge Pottle in *Woodward* v. *State,* 13 *Ga. App.* 132 (78 S. E. 1009). Of the *Griffin* case it is said in the *Clark* case, supra (p. 611), that, "It is well to note in this case the court was dealing with the question of withdrawing a plea of guilty after a written sentence had been signed and pronounced. That is not the question here." Of the *Sanders* case it is said in the *Clark* case, supra (p. 613), that, "The first headnote reads: 'Where the record conflicts with the bill of exceptions, the record controls.' This court held in that case that although the bill of exceptions recited that the defendant moved to withdraw his plea of guilty before a written sentence was pronounced upon him, the sentence itself contradicted such allegation in the bill of exceptions. The court held that the record, that is the sentence, was controlling and not the recitals of fact in the bill of exceptions. Hence, it follows that anything which the court might have said in the second headnote of that opinion is obiter dictum." The dissenting opinion of Judge Pottle in *Woodward* v. *State,* supra, while constituting a very profound and logical argument, must nevertheless yield to the subsequent decisions of this court and the Supreme Court in precedent. The pronouncement upon the prisoner the judgment of the law, as provided for in § 27-1404 of the Code, consists of the signing of the written sentence by the presiding judge and its delivery to the clerk for the record, and any oral announcement by the judge as to what the sentence is to be, is no part of such pronouncement. See *Clark* v. *State, 72 Ga.*

*App.* 603 (supra), *Long* v. *Stanley,* 200 *Ga.* 241, *Freeman* v. *Brown,* 115 *Ga.* 27, *Foy* v. *McCrary,* 157 *Ga.* 461, *Conley* v. *Pope,* 161 *Ga.* 462, and *Morgan* v. *Mount,* 195 *Ga.* 281 (supra). .

■ In view of our discussion in divisions 1 and 2 hereof, it follows that a defendant who has entered a plea of nolo contendere may withdraw the same before sentence is pronounced as a matter of right.

The trial court erred in sustaining the demurrer to the motion in arrest of judgment and in dismissing said motion.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*