## 36578. PHILLIPS *v.* THE STATE.

DECIDED FEBRUARY 12, 1957—REHEARING DENIED MARCH 6, 1957.

*John A. Frazier, Jr., Fullbright & Duffey,* for plaintiff in error.
*Chastine Parker, Solicitor-General,* contra.

Townsend, J.   1.   It has long been the rule in this State that the trial court has power to amend and modify its sentences only at the term during which they are imposed.   *Gobles* v. *Hayes,* 194 *Ga.* 297 (1) (21 S. E. 2d 624) ; *Auldridge* v. *Womble,* 157 *Ga.* 64 (3) (120 S. E. 620) ; *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426) ; *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293) ; *Mathews* v. *Swatts,* 16 *Ga. App.* 208 (84 S. E. 980).   Code (Ann.) § 27-2502 providing for indeterminate sentence specifies: "Provided, that after the said prisoners have entered upon their services in the penal institutions of Georgia the superior court judges shall have no authority to suspend and probate the sentences of said prisoners by modifying sentences."   The plaintiff in error contends that he is entitled to have the court pass on the merits of his motion by reason of the Probation Act of 1956 (Ga. L. 1956, p. 27, Sec. 8) as follows: "Any court of this State   .   .   .   may, at a time to be determined by the court, hear and determine the question of the probation of such defendant.   .   .   If it appears to the court upon a hearing of the matter that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court in its discretion shall impose sentence upon such defendant but may stay and suspend the execution of such sentence or any portion thereof, and may place him upon probation under the supervision and control of the circuit probation officer for the duration of such probation."   This language takes the place of the former Code (Ann.) § 27-2702 which is in part as follows: "where it appears to the satisfaction of the court that the circumstances of the case and the public good does not demand or require the defendant's incarceration, said court may mould its sentence so as to allow the defendant to serve same outside the confines of the public works camp, jail or other place of detention, under the supervision of the court."   This latter language was held to have no effect on the principle of law that after the adjournment of the term of court at which the sentence is imposed the judge cannot change or modify it.   *Auldridge* v. *Womble,* 157 *Ga.* 64, supra.   The language of the new act, like that of the old one, seems to refer to probation as a part of the original sen-

tence, and the provision for a hearing must, considering the language as a whole, refer to a hearing on the type of sentence to be imposed, and not to authorize the court, at a subsequent term, to add to the sentence a provision for probation where he made no provision relating thereto in the first instance. While the record is silent as to whether the defendant has actually begun the service of his sentence (and it may be inferred, from the allegation in his motion to the effect that he is presently employed, that he had not begun service at the time the motion was filed), the trial court was nevertheless without jurisdiction, at a subsequent term of court, to modify his sentence so as to provide that it be served on probation.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

## ON REHEARING

By rehearing the plaintiff in error contends that the trial court signed a supersedeas order allowing bond which was filed and approved by the clerk of the superior court following the conviction, and four days later imposed sentence without revoking the supersedeas, and that for this reason the sentence itself was null and void. Neither the sentence nor the supersedeas appears in this record and the plaintiff in error, in the motion on which this appeal is based, treated the sentence as being valid, and prayed that it be modified so as to allow him to serve it on probation. The exception is to the judgment denying him this relief. Obviously, the plaintiff in error cannot on rehearing attack the validity of the sentence for the first time, especially when neither it nor the supersedeas order is contained in the record, and when no error is assigned on this theory, and when no attack was made on the validity of the sentence when the case was here before. *Phillips v. State,* 94 *Ga. App.* 552 (95 S. E. 2d 477). Nothing herein is to be considered as holding invalid or irregular the signing of the sentence after the order of supersedeas, the sentence being essential to the operation of a supersedeas (Code § 70-308. The remaining grounds of the motion to rehear present no matter not fully considered and passed upon in the opinion.

*Judgment adhered to on rehearing.*