36656.   WHITE v. NOLAND, Solicitor-General.

DECIDED APRIL 8, 1957.

*D. B. Howe, Harold L. Murphy,* for plaintiff in error.

*Robert J. Noland, Solicitor-General, James I. Parker, Assistant Solicitor-General,* contra.

GARDNER, P. J. In *Cooley* v. *Dixon,* 149 *Ga.* 506 (1) (101 S. E. 181) the Supreme Court said: "R. Cooley was convicted of a misdemeanor, in the City Court of Savannah; and the following sentence was imposed: 'Whereupon it is considered and ordered that the said defendant do pay a fine of $500.00 and costs, and be discharged on payment thereof; but if the said defendant fail to pay the said fine and costs, it is ordered that in lieu thereof he be, for the space of 6 months, imprisoned in the common jail of Chatham County, and be put to work and labor in the chaingang of Chatham County, for space of 12 months, the 12 months on chaingang to be probated.' Properly construed, the meaning of the sentence is that if the defendant should pay a fine of $500, and costs, he should be discharged on payment thereof, and that such payment would be an entire satisfaction of the sentence. *Dixon* v. *Baughn,* 149 *Ga.* 86 (99 S. E. 34)."

In *Porter* v. *Garmony,* 148 *Ga.* 261 (1) (96 S. E. 426) the following appears: "Where one accused of a misdemeanor was convicted, and at the term at which the trial took place was sentenced to serve a term in the chaingang, and the accused carried the case by writ of error to the Court of Appeals, where the judgment of the lower court was affirmed, the trial court was without authority at a subsequent term, upon making the judgment of the appellate court the judgment of the trial court, to modify and change the sentence formerly imposed; and where he did pass an order modifying and changing the sentence, such order was void, as the court was without jurisdiction to alter the sentence originally imposed."

The headnote of *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293) reads: "As a general rule, the judgment of a court is within the breast of the court until the end of the term at which it was

rendered, and a sentence may be amended at any time during the term and before execution has begun; but if the defendant has complied with or entered upon the execution of a valid sentence, it can not be set aside and a new or different one imposed, even at the same term. A fortiori, a new sentence can not be pronounced after the term has passed and the first or original sentence has been either wholly or in part complied with; and no amendment to the judgment can take place, where to allow it would require the passing of a new sentence."

In *Freeman* v. *Brown*, 115 *Ga.* 23, 27 (41 S. E. 385) the following appears: "The oral announcement of the judge was no judgment . . . What the judge orally declares is no judgment until it has been put in writing and entered as such." The Court of Appeals quoted this principle of law from the *Freeman* case in writing *Rutland* v. *State*, supra. The sentences in the instant case are full, complete, clear, definite and unambiguous and do not fall within the ruling of the following cases: *Pulliam* v. *Jenkins*, 157 *Ga.* 18 (121 S. E. 679) ; *Merritt* v. *State*, 122 *Ga.* 752 (50 S. E. 926) ; *Tyler* v. *State*, 125 *Ga.* 46 (53 S. E. 818) ; *Wright* v. *Wood*, 178 *Ga.* 273 (2) (173 S. E. 138) ; *Stansell* v. *State*, 30 *Ga. App.* 658 (119 S. E. 419) ; *Farmers Mutual Fire Ins. Co.* v. *Pollock*, 52 *Ga. App.* 603 (184 S. E. 383).

The judge was without authority to change the written sentences at a subsequent term of the court in view of the complete contents of the sentences.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*