## 55785. SMITH v. THE STATE.

BIRDSONG, Judge.

Smith was convicted of a felony and the trial court pronounced sentence during its November, 1976 term. From this judgment, Smith timely appealed; the judgment was affirmed by the Court of Appeals of Georgia. *Smith v. State,* 143 Ga. App. 347 (238 SE2d 698). The judgment of the Court of Appeals was made the judgment of the trial court during its November, 1977 term, during which Smith filed a motion for reconsideration of sentence. From the dismissal of this motion, Smith appeals. *Held:*

1. ". . . After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify, or change the sentence. . ." Code Ann. § 27-2502; *Mauldin v. State,* 139 Ga. App. 13 (227 SE2d 862). Accordingly, "[i]t has long been the rule in this state that the trial court has power to amend and modify its sentences only at the term during which they are imposed. *Gobles v. Hayes,* 194 Ga. 297 (1) (21 SE2d 624); *Auldridge v. Womble,* 157 Ga. 64 (3) (120 SE 620); *Porter v. Garmony,* 148 Ga. 261 (96 SE 426); *Rutland v. State,* 14 Ga. App. 746 (82 SE 293); *Mathews v. Swatts,* 16 Ga. App. 208 (84 SE 980)." *Phillips v. State,* 95 Ga. App. 277, 278 (97 SE2d 707). When the judgment of the trial court is appealed, and thereafter affirmed by an appellate court

" '. . . the trial court [is] without authority at a subsequent term, upon making the judgment of the appellate court the judgment of the trial court, to modify and change the sentence formerly imposed. . .' [*Porter v. Garmony*, 148 Ga. 261 (1) (96 SE 426)]." *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722). Furthermore, the appeal of a judgment is conclusive of "all matters in issue or that might legally have been put in issue." *Federal Invest. Co. v. Ewing*, 166 Ga. 246 (1) (142 SE 890). Upon remittitur from the appellate court, the jurisdiction of the trial court is limited to entering judgment in conformance therewith. *Akins v. State*, 237 Ga. 826 (229 SE2d 645). The trial court did not err in dismissing appellant's motion for reconsideration of sentence filed after the term in which sentence was pronounced had expired.

2. Appellant contends that the filing of an appeal would terminate his right to move the trial court for sentence modification. We note that, although "a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the power to modify. [Cit.]" *Porterfield v. State*, supra, p. 554. And, where one convicted and sentenced for a period exceeding five years has reason to believe his sentence too harsh, he "shall have the right to have such sentence reviewed by a panel of three superior court judges." Code Ann. § 27-2511.1.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED JUNE 20, 1978 — REHEARING DENIED JULY 14, 1978 —

*Clarence L. Leathers, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.