*Attorney General,* for appellee.

## 56871. WILLIAMS v. THE STATE.

BANKE, Judge.

The defendant entered guilty pleas to two indictments, one charging him with burglary and the other charging him with multiple drug violations. He contends on appeal that his right to withdraw the guilty pleas prior to sentencing was violated when the trial court pronounced sentence in his absence.

The defendant entered his guilty pleas on July 19, 1978, and sentencing was set for August 1, 1978. When his case was called for sentencing, he instructed his counsel to inform the court that he wished to change his plea. The court responded: "Well, he has entered a plea of guilty and I'm going ahead and, as a matter of fact, I have sentenced him and I just haven't announced it to him." The court thereupon announced the defendant's sentences. It appears that the sentences had already been reduced to writing, signed, and delivered to the clerk prior to the sentencing hearing. *Held:*

Under Code § 27-1404, a defendant has the right to withdraw his guilty plea "at any time before sentence is pronounced." In order for sentence to be "pronounced" within the meaning of this statute, it is necessary that it be reduced to writing, signed by the court and delivered to the clerk. See *Wright v. State,* 75 Ga. App. 764 (2) (44 SE2d 569) (1947). "An oral pronouncement by the judge as to what sentence will be imposed is not a pronouncement of the sentence within the contemplation of the statute. . ." *Ballard v. State,* 131 Ga. App. 847, 848 (3) (207 SE2d 246) (1974). Thus, the *Ballard* and *Wright* decisions hold that a defendant has the right to withdraw his guilty plea between the time that his sentence is orally announced and the time that it is formally entered. Implied in these holdings, of course, is a requirement that an oral announcement of the sentence be made prior to formal pronouncement. Accordingly, we hold that the trial court erred in attempting to impose sentence in this case without first orally announcing the sentences to the

defendant.

There is a second reason why it is improper to attempt to "pronounce" sentence prior to its announcement in open court. "The rule is well established in this State, that the defendant on trial must be present when the court takes any action materially affecting his case. [Cits.]" *Andrews v. State,* 196 Ga. 84 (1), 94 (26 SE2d 263) (1943). Thus, unless there is only one possible sentence that can be imposed, or unless he has voluntarily absented himself from the proceedings, a defendant has the right to be present in court for his sentencing. See *Williams v. Ricketts,* 234 Ga. 716 (217 SE2d 292) (1975); *Anthony v. Hopper,* 235 Ga. 336, 339 (219 SE2d 413) (1975). See also Ball v. United States, 140 U. S. 118, 131 (11 SC 761, 35 LE 377) (1891); *Grady v. State,* 11 Ga. 253 (5) (1852). This right to be present for sentencing would be meaningless if it did not include a concomitant right to be informed of the sentence, and thus to have some opportunity to address the court, prior to its final "pronouncement."

This court recognizes that an unscrupulous defendant may occasionally utilize his right to withdraw his guilty plea in an attempt to gain an unwarranted delay in the trial of his case. For example, it is not unheard of for a defendant to plead guilty when the state is fully prepared to try his case and then to withdraw the plea later at the sentencing hearing, by which time some of the witnesses against him may have become unavailable. However, we feel that the intent of the legislature in establishing the present statutory procedure must be closely adhered to. Furthermore, without expressing any approval or disapproval, we note that some courts have protected themselves from such manipulation by imposing a very substantial sentence upon the receipt of a guilty plea, and then scheduling a hearing on a possible reduction of the sentence following receipt of what would otherwise be characterized as a presentencing report. Of course, the defendant would still have the opportunity to withdraw his plea following the court's announcement of the initial sentence.

For the reasons expressed above, the sentences entered in the above cases are vacated, and the cases are

remanded for further proceedings consistent with this opinion.

*Judgments vacated and cases remanded. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 19, 1978 —

*Clayton Jones, Jr.,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.