36457. THE STATE v. GERMANY.

JORDAN, Presiding Justice.

This Court granted certiorari to review the Court of Appeals' decision in the case of *Germany v. State,* 154 Ga. App. 579 (269 SE2d 75) (1980).

1. The Court of Appeals, citing *Williams v. State,* 148 Ga. App. 521 (251 SE2d 601) (1978), reaffirmed its prior holding that a defendant has an absolute statutory right, under Code Ann. § 27-1404, to withdraw a guilty plea prior to *entry* of the defendant's sentencing judgment. We reverse this holding.

Code Ann. § 27-1404 provides that "[A]t any time before judgment is *pronounced,* the prisoner may withdraw the plea of 'guilty' . . ." (Emphasis supplied.)

Black's Law Dictionary 4th Ed., p. 1380, states that "to pronounce" means "to declare aloud and in a formal manner. In this sense, a court is said to 'pronounce' judgment or a sentence." Accord: *Griffin v. State,* 12 Ga. App. 615, 619 (77 SE 1080) (1913). Code Ann. § 102-102 (1) provides that, in construing a statute, "The ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade. . ."

Accordingly, we hold that the term, "pronounced," as employed by the Legislature in Code Ann. § 27-1404, means "orally announced" and that, therefore, a defendant does not have an absolute statutory right, under said Code Section, to withdraw a guilty plea, after the trial court's oral announcement of the same. Accord, Federal Rules of

Criminal Procedure, Rule 32(d), 18 USCA. All cases such as *Wright v. State,* 75 Ga. App. 764 (2) (44 SE2d 569) (1947); *Ballard v. State,* 131 Ga. App. 847, 848 (3) (207 SE2d 246) (1974); and *Williams v. State,* 148 Ga. App. 521 (251 SE2d 601) (1978) and others contrary to what is held herein are expressly overruled.

We also hold, however, that at the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant. Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. Accord: Federal Rules of Criminal Procedure, Rule 11(e), 18 USCA; ABA Standards, Pleas of Guilty, § 4.1 (1974). If the plea is not then withdrawn, sentence may be pronounced and the plea cannot thereafter be withdrawn except upon the sound legal discretion of the court. The holdings within this division are prospective only.

2. The Court of Appeals held that the trial court had abused its discretion in denying the defendant's motion to withdraw her guilty plea because "under the totality of the circumstances under which the defendant's plea was received, . . . the State failed to carry its burden of showing that the plea was intelligently and voluntarily entered . . ."

Having reviewed the record, we affirm.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED
OCTOBER 1, 1980.

*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellant.
*Frank M. Samford, III,* for appellee.