## 60259. GIDDEONS v. THE STATE.

SMITH, Judge.

Appellant was indicted for cruelty to children and child molestation. He pleaded guilty to child molestation and the state entered a nolle prosequi on the cruelty to children count. Appellant asserts that the trial court erred in denying his motion to withdraw the guilty plea. We affirm.

On September 28, 1979, the trial court orally announced appellant's sentence: "The sentence of the court then, for right now, until we have a chance to look into it more thoroughly, let you serve ten (10) years." Thereupon, the trial court entered a written order setting appellant's sentence at ten years. The order was filed with the clerk's office the same day.

On December 18, 1979, the trial court issued an order stating "[t]hat the sentence previously imposed on September 28, 1979 stands as final." On December 20, appellant filed a motion to withdraw the plea. The following day, the trial court's order of December 18 was filed with the clerk.

Appellant contends he did not receive a final sentence until December 21, 1979, and that his motion of December 20 effectively withdrew his guilty plea. We note that under the Georgia Supreme Court's recent decision in *State v. Germany,* 246 Ga. 455 (1980), appellant's motion to withdraw was untimely. Under *Germany,* "a defendant does not have an absolute statutory right, under [Code § 27-1404], to withdraw a guilty plea, after the trial court's oral announcement of the same."

However, *Germany* is not applicable to the instant case, as the Supreme Court declared its holding "prospective only." Nonetheless, we reach the same result as would be reached under *Germany* — the trial court did not err in denying appellant's motion to withdraw the guilty plea.

The construction of Code § 27-1404 which governs the instant case is stated in *Williams v. State,* 148 Ga. App. 521 (251 SE2d 601)

(1978): "Under Code § 27-1404, a defendant has the right to withdraw his guilty plea 'at any time before sentence is pronounced.' In order for sentence to be 'pronounced' within the meaning of this statute, it is necessary that it be reduced to writing, signed by the court and delivered to the clerk. See *Wright v. State,* 75 Ga. App. 764 (2) (44 SE2d 569) (1947)." In our view, appellant's ten-year sentence was "pronounced" within the meaning of *Williams* on September 28, 1979, when the sentence was filed with the clerk. The written sentence was unambiguous on its face. See *White v. Noland,* 95 Ga. App. 482 (98 SE2d 112) (1957). Moreover, there is no indication that appellant was misled by the trial court's oral statement regarding the sentence. The trial court unequivocally stated that "for right now" appellant's sentence was ten years. Although the trial court indicated that appellant's sentence would be reviewed when "we have a chance to look at it more thoroughly," there was no promise whatever that appellant's sentence would be reduced or, if it were not, that the plea could be withdrawn. Appellant's trial counsel was aware that the imposition of sentence on September 28 was intended to prevent appellant from withdrawing his guilty plea. According to trial counsel's own testimony 'I told him [appellant] . . . that the Judge would . . . likely impose a 10 year sentence . . . at the time of the hearing to prevent him from withdrawing his plea." Although counsel "told him I felt like . . . the 10 years would not stand, but . . . would be a lesser sentence," appellant was well aware that a reduction of sentence could not be guaranteed.

We note that a "superior court, as a general rule, has plenary power over its orders and judgments during the term at which they were rendered, and may amend, correct or revoke them for the purpose of promoting justice." *Gobles v. Hayes,* 194 Ga. 297, 300 (21 SE2d 624) (1942); *Smith v. State,* 146 Ga. App. 727 (247 SE2d 503) (1978). The trial court's oral statement regarding appellant's sentence appears to be nothing more than an attempt to inform appellant that the court may in the interest of justice choose to exercise this power. However, the trial court was not required to do so, and its failure to modify appellant's sentence is not cause for reversal.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JULY 2, 1980 —DECIDED NOVEMBER 19, 1980 —
REHEARING DENIED DECEMBER 10, 1980 —

*H. Michael Bray,* for appellant.

*Frank C. Mills, III, District Attorney,* for appellee.