## 61995. STAPP v. THE STATE.

BANKE, Judge.

Eddie Stapp brings this appeal following the denial of his motions to withdraw his guilty plea to theft by taking and for a new trial. He contends that he was denied the assistance of counsel. *Held:*

1. The record shows that the defendant requested the court to appoint counsel because he was indigent. He filled out the required form, with the assistance of the district attorney's office, indicating that he earned $125 per week as a painter and that he owned a $300 automobile. It further appears that he is married and has one minor child. Walton County, the jurisdiction in which trial was held, utilizes the guidelines contained in "The Georgia Indigent Defense Act," Ga. L. 1979, p. 367; Code Ann. Chapter 27-33. Pursuant to procedures provided by this Act, a figure of $310 a month for a family of three was established by a local committee as a minimum income for nonindigent status, after deducting certain expenses. Our review of the record supports the court's determination that the defendant was not indigent within these guidelines.

Subsequent to the determination that he was not indigent, the defendant was subpoenaed to testify at a probation revocation hearing of a co-accused, and at that time was informed of his right to retain counsel. He stated that he understood his right but wished to testify. He then admitted his culpability while exonerating his co-accused.

Later, during the trial court's inquiry into his plea of guilty, the trial court informed the defendant he would be given time to secure an attorney if he wished. He declined the offer. Under the circumstances, his contention that he was denied the right to counsel is without merit.

2. Appellant argues that he was not informed of his right to withdraw his plea in compliance with the requirements established in *State v. Germany,* 246 Ga. 455 (271 SE2d 851) (1980). The trial court informed the district attorney on the record in the presence of the defendant that he would not accept the district attorney's recommendation, and he then set out the exact sentence he intended to impose. The district attorney then asked Stapp, "Do you still want to enter your plea of guilty?" Appellant's right to withdraw his plea was implicit in this question asked him by the district attorney. Appellant indicated that it was still his desire to plead guilty.

The procedure established in *State v. Germany,* supra, assures that an accused makes a knowing and intelligent waiver of his right to trial by jury. The procedure also prevents an accused from pleading

guilty to a crime and then withdrawing his plea merely because he is dissatisfied with the sentence imposed by the court.

It is better practice to specifically tell the accused that he has a right to withdraw his plea; nevertheless, the accused in this case was given the opportunity to plead or not plead after being told of the exact sentence to be imposed. Accordingly, reversal is not required. To hold otherwise, would be to elevate form over substance.

*Judgment affirmed. McMurray, P. J., Shulman, P. J., Carley and Pope, JJ., concur. Deen, P. J., and Sognier, J., dissent. Quillian, C. J., and Birdsong, J., concur in Division 1 of the majority opinion and Division 2 of Presiding Judge Deen's dissent.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED NOVEMBER 19, 1981 —

*Charles A. Mullinax,* for appellant.
*J. W. Morgan, District Attorney, Charles Day, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, dissenting.

I must respectfully dissent.

1. The form used by the district attorney's office to assist the trial court in determining the defendant's eligibility for appointed counsel is woefully inadequate. To answer the first question on the form: "How much money do you receive at your present job?", the secretary asked, "What is your bring home pay?" The guidelines, however, stipulate that income is determined by ". . . gross income minus those deductions required by law." "Guidelines for the Operation of the Local Indigent Defense Program" as approved by the Supreme Court of Georgia. The post-conviction hearing showed that the defendant did not have any deductions made by his employer for taxes (state, federal or social security) and that he had an estimated liability for them in the amount of $20.56 per month. Although the form had a space for him to list all his debts which were payable weekly or monthly and he listed a debt of $1,600 to Walton County Hospital which was payable at $45.00 per month, there was no space to list extraordinary regularly incurred expenses such as the $125.00 a month medical and drug expenses the defendant must pay because his infant daughter is severely anemic.

The judge's law clerk testified that he considered the form to be "inadequate" for making a determination of eligibility for court appointed counsel, but that he reviewed the form for about thirty seconds before he made the initial determination that the defendant

was ineligible. After the law clerk made his finding, it was reviewed by the trial judge before Stapp testified at the probation revocation hearing, but no additional information was provided.

If the income question had been properly presented to the defendant, he would have revealed an income of $479.44 a month. After subtracting his hospital debt, the court could have found that he had $434.44 in income. If, however, the court had had the daughter's medical expenses before it and wished to exercise its discretion under Section C of the guidelines which provides for "Special Stipulations" and permits the local indigent defense program to accept a client "... who is unable to obtain counsel due to special circumstances such as ... hardship ...," it could have found that a person who is required to spend twenty-five percent of his gross income for medical care and drugs for a chronically ill family member is entitled to have this amount subtracted from his income. In the present case, the exercise of this discretion would have enabled the defendant to come within the income eligibility guidelines. Therefore, I believe that the inadequacy of the form prevented the trial court from exercising its discretion and that he was denied his right to counsel at his co-defendant's probation revocation hearing where he testified that he had stolen five gallons of gasoline and that his co-defendant had not participated in the crime.

2. The trial court erred in accepting appellant's guilty plea. In *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851) (1980), the Supreme Court held: "... if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) *that the defendant may then withdraw his or her guilty plea as a matter of right.*" (Emphasis supplied.) While the district attorney, not the trial judge, informed the defendant that the court was not bound by the plea agreement after the court indicated that it would not accept the plea agreement and that the defendant would receive a sentence of a year to serve, neither the court nor anyone else informed Stapp that he had the right to withdraw his guilty plea *as a matter of right* before sentence was pronounced. I do not believe that the facts which imply that the defendant knew that he could withdraw his plea is sufficient to meet the requirements of *Germany,* supra, set forth above because that case mandates that he be informed of this right by the trial court *on the record.*

I am authorized to state that Judge Sognier concurs in this dissent and that Chief Judge Quillian and Judge Birdsong concur in

Division 2 of this dissent.