**Keith FAIR, Plaintiff-Appellee, Cross-Appellant,**

v.

**Walter D. ZANT, Warden, Georgia Diagnostic Classification Center, Defendant-Appellant, Cross-Appellee.**

No. 82–8757.

United States Court of Appeals, Eleventh Circuit.

Sept. 26, 1983.

**1520**

Nicholas G. Dumich, Sp. Asst. Atty. Gen., Susan Boleyn, Asst. Atty. Gen., Atlanta, Ga., for defendant-appellant, cross-appellee.

Bruce S. Harvey, Mark V. Spix, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before VANCE and CLARK, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

* Honorable Luther M. Swygert, U.S. Circuit Judge for the Seventh Circuit, sitting by desig-

VANCE, Circuit Judge:

This case comes before us on an appeal and cross-appeal from the district court's decision granting Keith Fair's petition for a writ of habeas corpus. Fair sought habeas relief on the ground, *inter alia,* that the trial judge improperly refused to permit him to withdraw his guilty plea after the oral announcement of the death sentence. The state supreme court affirmed. *Fair v. State,* 245 Ga. 868, 268 S.E.2d 316, *cert. denied,* 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). The district court concluded that the events preceding Fair's guilty plea destroyed its voluntary character and deprived him of procedural due process. We affirm.

The controlling question in this case has its genesis in Ga.Code Ann. § 27–1404, which provides:

Upon the arraignment of a prisoner, the indictment shall be read to him, and he shall be required to answer whether he is guilty or not guilty of the offense charged in the indictment, which answer or plea shall be made orally by the petitioner or his counsel. If he shall plead "guilty," such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury; *but, at any time before judgment is pronounced, the prisoner may withdraw his plea of "guilty," and plead "not guilty,"* and such former plea shall not be given in evidence against him on his trial.

(emphasis added). Until 1980, the Georgia courts held that the word "pronounced" required that the sentence "be reduced to writing, signed by the court, and delivered to the clerk." *Williams v. State,* 148 Ga. App. 521, 251 S.E.2d 601, 602 (1978); *Ballard v. State,* 131 Ga.App. 847, 207 S.E.2d 246 (1974); *Wright v. State,* 75 Ga.App. 764, 44 S.E.2d 569 (1974). Under this interpre-

nation.

tation, the state court of appeals stressed that the defendant had "an absolute right" to withdraw his guilty plea until the sentence was filed with the clerk, and that the refusal of the trial judge to grant such a request constituted reversible error. *Ballard*, 207 S.E.2d at 248.

In accordance with these precedents, Fair's counsel advised him that Georgia law permitted a defendant to withdraw a guilty plea after the trial court orally announced the sentence if the retraction were tendered before the sentence was filed with the clerk. During the pretrial conference, the trial judge also stated in Fair's presence that a guilty plea could be withdrawn under these circumstances. Fair subsequently entered a plea of guilty on August 13, 1979. Two days later, the trial court sentenced him to death by electrocution. Fair immediately attempted to withdraw his guilty plea before the sentence was delivered to the clerk, but the trial judge disallowed his motion for reasons that are not apparent from the record. In any event, it is clear that Fair pleaded guilty in reliance on the trial judge's statement that he could do the very thing he was barred from doing at sentencing.

On appeal, the Georgia Supreme Court noted that the issue of whether the withdrawal provision of § 27–1404 applied to death penalty cases was a matter of first impression and ruled that "a guilty plea, voluntarily and knowingly entered in a capital felony case [where the state has not waived the death penalty] . . . may not be withdrawn as a matter of right." *Fair v. State*, 268 S.E.2d at 323–24.[1] The court did not consider whether the trial judge's statement to Fair might have affected the knowing and voluntary character of his guilty plea. The state supreme court subsequently overruled *Williams, Ballard,* and *Wright* in *State v. Germany*, 246 Ga. 455,

271 S.E.2d 851 (1980) where it held that the word "pronounced" must be interpreted in accordance with common usage to mean "orally announced." Thus, a defendant no longer has an absolute statutory right to withdraw his guilty plea after the trial court announces the sentence.

State courts obviously may change their interpretation of local criminal procedure statutes on occasion without raising any constitutional issues. Even a violation of state criminal procedure "does not, of itself, raise a constitutional question cognizable in a federal habeas corpus hearing." *Stewart v. Estelle*, 634 F.2d 998, 999 (5th Cir. Unit A 1981). In the present case, the state trial court's actions cannot constitute a deprivation of procedural due process unless they affected the knowing and voluntary character of the guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The controlling precedents that govern this inquiry are recited in *Hill v. Estelle:*

> A guilty plea must be an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970). Total ignorance of the outer limits of the penalty the defendant could suffer renders the plea invalid under due process. *Lewellyn v. Wainwright*, 593 F.2d 15, 17 (5th Cir. 1979); *Wade v. Wainwright*, 420 F.2d 898, 900–01 (5th Cir.1969). The outer limits must be precisely, and not just substantially, known. *See United States v. Perwo*, 433 F.2d 1301, 1302 (5th Cir. 1970).

653 F.2d 202, 205 (5th Cir. Unit A 1981).

The evidence presented in this case established to the district court's satisfaction that the state trial judge informed Fair that he could plead guilty, but still with-

---

1. The court reasoned that the purpose of the withdrawal statute was to facilitate plea-bargaining, especially in cases where the defendant agreed to plead *nolo contendre.* The court emphasized that in noncapital cases, the plea is the sole basis for the judgment, whereas under the bifurcated sentencing system adopted by Georgia for capital felonies in 1973, the court's

sentence is based upon both the plea and the evidence that is adduced at the sentencing hearing. The court therefore concluded that the decision of the trial judge after the sentencing trial was tantamount to a jury verdict, and thus the guilty plea could not be withdrawn at that time. *Fair*, 268 S.E.2d at 322–24.

draw his plea if he did not wish to accept the sentence announced by the court. Although this procedure obviously allowed defendants to trifle with the court, the merits or demerits of this approach are not a subject for our consideration. It was then, and for many years had been, the law of Georgia; it was thought by the trial judge to be applicable even to capital cases and Fair was so advised at the pretrial conference. Fair therefore entered his guilty plea on the basis of an understandable but severely mistaken view of the "likely consequences" of his action.

We consider it self-evident that application of the principles set forth in *Hill v. Estelle* compels the conclusion that the district court was correct in concluding that Fair's plea cannot be considered voluntary. Because we find that the writ must issue on this ground, it is unnecessary for us to reach the other contentions that Fair raises on cross-appeal.

AFFIRMED.