## 68127. GARNER v. THE STATE.

McMURRAY, Chief Judge.

The defendant in this case was indicted for murder, pleaded

guilty to voluntary manslaughter and was sentenced to serve a term of 15 years. Defendant then filed a pro se notice of appeal in which he referred to the fact that the court had advised him that if he desired an appeal of his conviction he might do so, and he prayed therein that this writing be accepted as his notice of appeal. On appeal to this court in Case No. 64129, *Garner v. State* (A-50267), by order, this court remanded the entire case (including the record) to the trial court "for the appointment of counsel after which an out-of-time appeal to this court will be allowed." That judgment was made the judgment of the trial court, and the public defender of Fulton County was appointed to represent the defendant; and, as stated in defendant's brief, a notice of appeal was filed on his behalf. However, the trial court granted a motion to dismiss on the part of the district attorney. In *Garner v. State*, 168 Ga. App. 523 (310 SE2d 7), this court, in effect, held the trial court lacked jurisdiction to dismiss the appeal when this court had authorized an out-of-time appeal. That appeal is now before us for review. *Held*:

The State contends the sole issue is whether defendant can directly appeal his plea of guilty and moves to dismiss the appeal, citing *Conlogue v. State*, 243 Ga. 141, 142-144 (6) (253 SE2d 168). Under the particular facts and circumstances of the case sub judice we do not agree that dismissal is proper. The case is not controlled adversely to the defendant by *Conlogue v. State*, 243 Ga. 141, 142-144 (6), supra. As therein stated, the only prescribed means to withdraw a guilty plea *after the term* is "through habeas corpus proceedings." See p. 143 (6). However, the appeal here was within 30 days of the sentence, and the defendant sought a direct appeal without seeking to withdraw the guilty plea. See in this connection *Smith v. State*, 253 Ga. 169 (316 SE2d 757) disapproving certain language in *Conlogue v. State*, 243 Ga. 141, supra at page 144. See also *Fuller v. State*, 159 Ga. App. 512, 513 (284 SE2d 29). The case sub judice, however, differs on its facts from that of *Fuller v. State*, supra, in that in the case sub judice at the time the guilty plea was offered to the lesser offense of voluntary manslaughter in the indictment for murder, counsel for defendant waived the reading of the indictment, assured the court that the minimum and maximum sentence that could be imposed in the case had been explained to the defendant; the defendant answered that he had had an opportunity to discuss the case fully and completely with his counsel, and the court then advised defendant of his rights with reference to the entry of a guilty plea. Although the defendant answered certain questions thereafter in a vague and diffident manner, nevertheless he explained to the court that in entering the plea it was freely and voluntarily made, that no one had threatened him or offered him any reward or hope thereof in order to get him to enter the plea in the court. The court also advised him it

was not bound by any agreement entered into between the district attorney and defendant's counsel. Whereupon, the plea was entered and the court accepted the guilty plea. The court then heard in narrative form the circumstances surrounding the crime as charged in the indictment and reduced same to voluntary manslaughter. The defendant did advise the court that the facts as stated by the district attorney were incorrect but that he did plead guilty to the charge anyway. A recommendation was then made by the assistant district attorney and the recommendation was accepted by the court after which he was sentenced and the defendant was instructed that if he felt the sentence was excessive he might file an appeal before the superior court sentence review panel on the grounds of excessiveness and that the court would appoint a lawyer to represent him. While the procedure as set forth in the *Criminal Bench Book* of the Georgia Superior Courts, adopted by the Council of Superior Court Judges of Georgia, was not followed in its entirety, the substance of same has been considered here by the trial court in the consideration of the plea of guilty entered by the defendant. Therefore, this case differs on its facts from that of *Fuller v. State*, 159 Ga. App. 512, 513, supra, in that in the case sub judice the State and the defendant's counsel appear to have accepted the recommendation offered by the State which was thereafter accepted by the court and the defendant sentenced accordingly. The requirements of *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851), as reproduced in *Fuller v. State*, 159 Ga. App. 512, 513, supra, were unnecessary in this case. We find no reversible error in the acceptance of the plea of guilty and the sentencing of the defendant based on the recommendation offered.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984.

*J. Douglas Willix, Stanley P. Herndon,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.