## 71363. BROOKS v. THE STATE.

(338 SE2d 437)

McMURRAY, Presiding Judge.

Defendant entered a plea of guilty to the offense of armed robbery. He now appeals the denial of his motion to withdraw his guilty plea contending the sentence was not in accordance with the terms of the plea agreement. *Held*:

At the plea hearing the district attorney initially stated that "our joint recommendation is an initial sentence of 13 years but with the understanding that the case wouldn't be disposed of until the cases of the other defendants were disposed of and that a post-sentence would be conducted on behalf of the state. We would recognize that his cooperation would be a proper thing for the court to take into consideration on final sentencing." Thereafter the district attorney stated the plea agreement as "a 13 year sentence then with a post sentence investigation, after which the sentence might or might not be reduced." After the plea was entered the district attorney stated, "we recommend a preliminary sentence of 13 years with a post sentence with the expectation that this case would be open until we see what —." After the plea and the above expressions of the recommendation the trial court stated its intention to follow the recommendation.

The trial court announced "the sentence of the Court is as follows: I find you guilty of the offense of armed robbery based upon your plea of guilty and sentence you to 13 years in the penitentiary of this state; however, I do request that a post sentence investigation be conducted in the case so as to help me determine what, if any, part of that sentence should be probated . . ." Following the denial of defendant's motion to withdraw his plea of guilty, a further hearing was held to reconsider defendant's sentence. The result was the probation of that portion of the 13-year sentence which exceeded the five-year statutory minimum sentence for armed robbery (i.e., 5 years to serve, 8 years on probation).

Defendant contends that the recommendation as stated by the district attorney should have resulted in a preliminary sentence which left open the possibility of a decrease in sentence as low as the five-year statutory minimum. He contends that the announced sentence (leaving open only the possibility of the probation of that portion of the sentence in excess of five years) was so different in substance from the recommendation that it constituted a rejection of the recommendation. Defendant argues that the plea agreement was rejected, and that the trial court was required to so inform him and permit him to withdraw his plea of guilty as provided by *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851).

Although somewhat ambiguously stated, the substance of the plea agreement provided simply for a review of defendant's sentence

upon the trial court's consideration of additional information. The record shows substantial compliance with this intent. As to the trial court's reference to probation subsequent to the initial sentencing of defendant, we do not view that remark as constituting a portion of defendant's sentence (which was set at 13 years, consistent with the plea agreement). The trial court's commitment to reconsider defendant's sentence upon consideration of further information was no promise that defendant's sentence would be reduced, or if it were not, that the plea could be withdrawn. See *Giddeons v. State*, 156 Ga. App. 800 (275 SE2d 370).

The trial court having accepted the joint recommendation of the district attorney and defense counsel, and defendant having been sentenced accordingly, *State v. Germany*, 246 Ga. 455, 456 (1), supra, is inapplicable to the case sub judice. *Garner v. State*, 171 Ga. App. 612, 614 (320 SE2d 618).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 30, 1985 —
REHEARING DENIED NOVEMBER 20, 1985.

*J. Sewell Elliott, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.