## 59176. COOK v. THE STATE.

SHULMAN, Judge.

Defendant pled guilty to two charges of child molestation and one charge of incest, and judgment was entered accordingly. Within the same term of court, defendant subsequently filed a motion to withdraw his guilty plea and vacate the sentences imposed, on the grounds that his plea was not intelligently and voluntarily entered. It is from the denial of such motion that defendant brings this appeal. We reverse.

" 'After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that

the plea was intelligently and voluntarily entered . . .' "
*Harold v. State,* 145 Ga. App. 93, 96 (243 SE2d 611). It is
clear from the transcript and record in the instant case
that the court was under the misimpression that
defendant had the "clear cut burden of proving that [his]
plea was not intelligently entered in recognition of his
rights."

Since this erroneous conclusion of law precluded the
trial court's proper exercise of its sound legal discretion in
regard to the grant or denial of defendant's motion to
withdraw his plea (see, e.g., *Jamison v. State,* 143 Ga.
App. 367 (238 SE2d 742)), we must reverse the trial
court's judgment. Compare *Meyers v. Glover,* 152 Ga. App.
679; *Community Ed. Center, Inc. v. Cohen,* 151 Ga. App.
77 (1) (258 SE2d 742).

*Conlogue v. State,* 243 Ga. 141 (4) (253 SE2d 168),
does not demand a contrary result. The Supreme Court in
*Conlogue* held that the trial court's erroneous placement
of the burden of proof upon the defendant was cured by the
fact that the state obviously met its burden of proof. In the
instant case, it is not so apparent from the transcript and
record that the state, as a matter of law, met its burden.
Indeed, the trial court recognized that in view of the
evidence presented by both sides, it could "go . . . either
way."

Since the trial court's judgment was based on an
erroneous principle of law, which error was not cured by
the presentation of evidence, the judgment of the trial
court must be reversed.

*Judgment reversed with direction that judgment
denying defendant's motion be vacated and with further
direction that the trial judge consider the evidence and
exercise his discretion in accordance with that which is
stated in this opinion. Quillian, P. J., and Carley, J.,
concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED
FEBRUARY 8, 1980.

*Howard C. Kaufold, Jr.,* for appellant.
*Phillip R. West, District Attorney, C. David Gafnea,*

*Assistant District Attorney,* for appellee.