### 62696. HOLBROOK et al. v. THE STATE.

SOGNIER, Judge.

Daniel and Terri Holbrook, husband and wife, appeal their conviction of theft by taking, to which they pleaded guilty. They enumerate as error the failure of the trial court to personally advise appellants of their right to withdraw their pleas of guilty at any time before sentence was pronounced. Appellants contend that their pleas of guilty were based on an agreement with the district attorney that in exchange for pleas of guilty, he would recommend first offender status if appellants would cooperate fully with the Forsyth County Police Department and any other law enforcement agencies involved in this matter (the theft).

At the hearing on January 22, 1981 when the pleas of guilty were offered and accepted, appellants' counsel asked the court to consider first offender status for appellants; the assistant district attorney present made no objection to the request. Additionally, at the sentence hearing appellants' counsel stated the terms of the agreement with the district attorney, and in response to a question from the court the assistant district attorney present at the sentence hearing stated that he had nothing to add (to defense counsel's statement). In our opinion the combination of these facts, plus the statement on the Petition to Enter Plea of Guilty that the district attorney would recommend first offender treatment even though such recommendation would not be binding on the court, is sufficient to indicate that this was a plea bargain case.

While the state argues there was no plea bargain because the recommendation of the district attorney was subject to the trial judge's approval, we find this argument unpersuasive, as all plea bargains are subject to the trial court's approval and can never be more than recommendations. Even though the appellants could not be treated as first offenders (because the sentence hearing disclosed they had prior convictions), under the circumstances of this case we

hold that appellants should have been given an opportunity to withdraw their pleas of guilty prior to sentencing pursuant to the holding of our Supreme Court in *State v. Germany,* 246 Ga. 455, 456 (1) (271 SE2d 851) (1980).

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 20, 1982.

*Charles M. Taylor II, John S. Carpenter,* for appellants.
*Rafe Banks III, District Attorney,* for appellee.