63774. STEPHENS v. THE STATE.

BIRDSONG, Judge.

The appellant plead guilty to violation of the Georgia Controlled Substances Act, after the district attorney in plea negotiations agreed to recommend a sentence to run concurrent to one already being served. At the hearing, the trial judge was advised that the state had agreed to recommend the sentence, but the trial judge stated he would not follow the recommendation. Appellant immediately attempted to withdraw his guilty plea but the trial judge would not

permit the plea to be withdrawn, and sentenced appellant to three years consecutive.

This case is controlled adversely to the ruling of the trial judge by Code Ann. § 27-1404 which provides: ". . . at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty'. . . ."; and by the decisions in *State v. Germany,* 246 Ga. 455 (271 SE2d 851) and *Fuller v. State,* 159 Ga. App. 512 (284 SE2d 29). Appellant was entitled to withdraw his plea of guilty and the trial court erred in refusing to permit it, and in failing to follow the mandatory procedure set forth in *State v. Germany,* supra. We must observe that while the sentencing of a defendant on a guilty plea is absolutely in the right and discretion of the trial court, and we are sympathetic with the object of a judicious sentence, the guilty plea and waiver of the right to plead guilty is more often than not secured by the prosecution's promise to recommend a sentence. Neither economy nor justice is served by the trial court's refusal to pass the recommended sentence while at the same time refusing to allow the defendant to plead not guilty and insist on a trial, unless the procedures set forth in *State v. Germany,* supra, are followed.

*Judgment reversed. McMurray, P. J. concurs. Banke, J., concurs in the judgment only.*

DECIDED JUNE 15, 1982.

*Michael C. Garrett,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.