67486, 67487. SANDERS v. THE STATE (two cases).

BANKE, Judge.

The appellant pled guilty to two counts of burglary, based on the state's attorney's agreement to recommend a sentence of probation, a fine, and restitution. In response to questioning by the state's attorney, the appellant acknowledged his awareness that the trial court was not bound by the recommendation and that he could receive the maximum sentence of 40 years' confinement. After hearing the recommendation of the state's attorney, the trial court announced a sentence of three years' confinement to be followed by seven years' probation. Appellant immediately moved to withdraw his guilty plea, but the trial court declined to entertain the motion at that time. The trial court also denied bond and ordered appellant incarcerated. *Held:*

1. Appellant contends that the trial court erred in refusing to allow him to withdraw his plea of guilty. "[A]t the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant. Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right." *State v. Germany,* 246 Ga. 455, 456 (271 SE2d 851) (1980). This procedure was not followed in this case. Although appellant did acknowledge his awareness that the trial court was not bound by the state's recommendation, at no time was he informed of his right to withdraw his plea prior to imposition of the sentence. To the contrary, the trial court stated that it would not follow the recommendation, announced the sentence, then refused to allow appellant to withdraw his plea. Under these circumstances the trial court erred in refusing to allow appellant to withdraw his plea of guilty. See *Stephens v. State,* 162 Ga. App. 578 (292 SE2d 420) (1982); *Fuller v. State,* 159 Ga. App. 512 (1) (284 SE2d 29) (1981).

2. The court further erred in ruling that the appellant had abandoned his motion to withdraw his plea by filing and pursuing a written "Request and Motion for Withdrawal of Plea," in which he asked that the trial court either sentence him in accordance with the recommendation of the state's attorney, or alternatively, grant the request to withdraw the guilty plea and release him from custody. At a subsequent hearing, the trial court modified the sentence to a term

of 10 years to serve two years but again refused to allow appellant to withdraw his guilty plea. No transcript of this hearing has been submitted. However, in a written order, the trial court ruled that appellant had abandoned his motion to withdraw his plea by instead presenting evidence on a motion to modify the sentence.

"A plea of guilty ought never be received unless it is freely and voluntarily made; and if the prisoner is misled, or is induced to enter his plea by fraud, or even by mistake, he ought to be allowed to withdraw the plea. The law favors a trial on the merits. [Cit.]" *Strickland v. State,* 199 Ga. 792, 800 (35 SE2d 463) (1945). Once the question of the validity of a plea of guilty has been raised by a defendant, the state has the burden to show that the plea was intelligently and voluntarily entered. *Cook v. State,* 153 Ga. App. 362 (265 SE2d 323) (1980). In the absence of a transcript of these subsequent proceedings, the state has failed to carry its burden to show that appellant intelligently and voluntarily persisted in his plea of guilty. Accord *Harrell v. State,* 145 Ga. App. 93 (243 SE2d 611) (1978).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 29, 1983.

*Miles L. Gammage,* for appellant.
*William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney,* for appellee.