## 40426. HAMM v. WELDON.

GREGORY, Justice.

We granted the application of George Hamm for a certificate of probable cause to appeal the denial of his petition for the writ of habeas corpus in Chatham Superior Court. Hamm is serving lengthy prison sentences imposed in Fulton and DeKalb Counties. We granted the application to consider whether DeKalb Superior Court erred in denying Hamm's request to withdraw his plea of guilty. *State v. Germany,* 246 Ga. 455 (271 SE2d 851) (1980). We agree with the habeas court that *Germany* was not violated and, therefore, affirm.

The record demonstrates that sentences were imposed upon the three defendants in Fulton County. They were then brought to DeKalb Superior Court to face a multi-count indictment which included the offenses of motor vehicle theft and kidnapping. At first, Hamm indicated he would plead not guilty, but then joined the others and changed his plea to guilty. As the trial judge was about to

question the defendants regarding their pleas, the assistant district attorney announced to the court, "I told them I would ask the Court to perhaps consider 20 years to serve, some configuration with the sentences they now have."[1] The court then announced to the defendants and their respective counsel, "I am not sure what the sentencing will be on any or either of these three, but I will be happy to accept a plea if they wish to enter a plea." Hamm then confirmed his attorney's statement that he understood what the court said and wished to enter a plea. Hamm's attorney informed the court of his client's inquiry regarding his right to withdraw a plea after sentence has been announced. Hamm was told by the attorney that was a matter in the discretion of the court.

The trial judge proceeded to examine the three defendants under oath. During their examination each of the defendants told the court he had not been told what to expect as a sentence, that there had been no agreement and no "deal" made about his sentence, and that he understood the court could sentence him to the maximum penalty for each offense.

The court sentenced Hamm to serve seven years on the motor vehicle theft count, and life (later corrected to 20 years) for the kidnapping count to run consecutive to the first count. Both sentences were to run consecutive to the Fulton County sentences. The defendant asked that he be allowed to withdraw his plea of guilty. The request was denied.

In *Germany,* supra at 456, we provided the procedure to be followed in plea withdrawal:

"We also hold, however, that at the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant. Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. . . . If the plea is not then withdrawn, sentence may be pronounced and the plea cannot thereafter be withdrawn except upon the sound legal discretion of the court."

Here the evidence does not establish that a plea bargain was

---

[1] Hamm contends there was an agreement that sentences imposed in DeKalb would be concurrent with sentences imposed in Fulton.

reached. Nonetheless a recommendation was made by the State. Other than suggesting a 20-year sentence the terms of the recommendation are vague. It is abundantly clear from the trial judge's statements, he did not intend to follow or be bound by the recommendation. Hamm expressed full understanding of the court's decision. Under these circumstances Hamm had no right to withdraw his plea.

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Bell, J., who dissent.*

DECIDED FEBRUARY 28, 1984.

George Hamm, *pro se.*

Michael J. Bowers, *Attorney General,* Mary Beth Westmoreland, *Assistant Attorney General,* Lamar C. Walter, *Special Assistant Attorney General,* for appellee.

HILL, Chief Justice, dissenting.

The transcript of the guilty plea proceedings shows that the sentencing court did not, before pronouncing sentence, inform the defendant of his right, at that point in the proceedings, to withdraw the plea, as stated in the fourth requirement of *State v. Germany,* 246 Ga. 455, 456 (271 SE2d 851) (1980). I therefore dissent.

I am authorized to state that Justice Bell joins in this dissent.