68002. BARNES v. THE STATE.

CARLEY, Judge.

Appellant was indicted for burglary. Thereafter, appellant pled guilty and received a ten-year sentence. He appeals, enumerating as error the trial court's refusal to allow the withdrawal of the guilty plea.

1. Appellant's notice of appeal was filed within thirty days of the date that the judgment of conviction and sentence were entered on the guilty plea. The State urges, however, that appellant's appeal must be dismissed. "It has been held that a motion for new trial can not be employed as a means of withdrawing a guilty plea; *nor can there be an appeal from a judgment entered on a guilty plea.*" (Emphasis supplied.) *Conlogue v. State*, 243 Ga. 141, 144 (253 SE2d 168) (1979).

Holding that it was dicta, our Supreme Court has specifically disapproved the statement (in *Conlogue v. State*, supra) that "there is

no appeal from a judgment entered on a guilty plea." *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). "Where the question on appeal is one which may be resolved by facts appearing in the record, . . . a direct appeal will lie." *Smith v. State*, supra at 169. Accordingly, the motion to dismiss the instant appeal is denied. See *Fuller v. State*, 159 Ga. App. 512, 513 (2) (284 SE2d 29) (1981).

2. The transcript of the hearing on appellant's guilty plea demonstrates that it was conducted in compliance with *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). "Here the evidence does not establish that a plea bargain was reached. Nonetheless a recommendation was made by the State. Other than suggesting a [partially probated] sentence the terms of the recommendation are vague. It is abundantly clear from the trial judge's statements, he did not intend to follow or be bound by the recommendation. [Appellant] expressed full understanding of the court's decision. Under these circumstances [appellant] had no right to withdraw his plea." *Hamm v. Weldon*, 252 Ga. 213, 214-15 (312 SE2d 335) (1984).

The argument that appellant had the right to withdraw his guilty plea before the orally pronounced sentence was written, signed, and filed is without merit. *State v. Germany*, supra. "This court is, of course, bound by the holding of our Supreme Court in *State v. Germany*, and must follow it in the instant case. [Cit.]" *Hill v. State*, 167 Ga. App. 746 (307 SE2d 537) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984.

*Lennie W. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.