69453. JACKSON v. THE STATE.
(324 SE2d 816)

DEEN, Presiding Judge.

Pursuant to plea-bargaining negotiations between appellant Donald Jackson's counsel and a DeKalb County assistant district attorney, Jackson entered a plea of guilty on a shoplifting charge. Under the terms of the agreement, the prosecution was to recommend a sentence of five years' imprisonment in return for appellant's guilty plea. At trial the court noted appellant's record of prior convictions and inquired of defense counsel as to possible reasons that appellant should not receive the maximum sentence of ten years, and counsel responded that the plea-bargaining agreement was for five years. After asking the State for further comments or recommendations and receiving none, the court forthwith pronounced a sentence of ten years to serve. Both appellant's counsel and appellant himself immediately asked permission to withdraw the guilty plea, but the court denied the requests, stating that it was his policy not to permit plea-bargaining.

Jackson appeals from this judgment, enumerating as error the trial court's failure, before pronouncing sentence, to advise appellant in person, on the record, regarding his right to withdraw his plea before pronouncement of sentence. *Held*:

The Georgia Supreme Court has held in *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980), that under OCGA § 17-7-93 (b) a defendant has an absolute right to withdraw his guilty plea before the court orally announces the sentence. Accord Fair v. Zant, 715 F2d 1519 (11th Cir. 1983). *Germany* further held, at 456, that "if the trial court intends to reject [a] plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the

plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right [Cits.]."

Examination of the transcript reveals that the trial court did not comply with the requirements set forth in *Germany,* supra. As this court held in *Holbrook v. State,* 161 Ga. App. 7 (289 SE2d 279) (1982), a recent case very similar on its facts to that *sub judice,* "[A]ll plea bargains are subject to the trial court's approval and can never be more than recommendations . . . [U]nder the circumstances of this case we hold that appellant should have been given an opportunity to withdraw [his] plea of guilty prior to sentencing . . ." The judgment in the instant case must be reversed and the case remanded for trial.

*Judgment reversed and case remanded. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984.

*Michael E. Bergin,* for appellant.

*Robert E. Wilson,* District Attorney, *Thomas S. Clegg, Susan Brooks,* Assistant District Attorneys, for appellee.