## A98A2269. LAWRENCE v. THE STATE.
(507 SE2d 490)

BEASLEY, Judge.

Having negotiated a plea agreement of fifteen years to serve six and a $90,000 fine, Renee Lawrence pled guilty to conspiracy to defraud the State (OCGA § 16-10-21 (a)) and Medicaid fraud (OCGA § 49-4-146.1 (b) (2)). A few days later the court conducted a "presentence hearing" to allow the State to make its recommendation and to allow Lawrence to present mitigating or extenuating evidence. When the State recommended the terms of the negotiated plea, the court stated it found the sentence too lenient and it intended to require a substantially longer term than six years to serve.

Both the State and Lawrence urged the court to accept the six-year recommendation. The court asked whether Lawrence had anything else to present, including evidence. When Lawrence responded affirmatively, the court told her to "go ahead and present your evidence and call your witnesses or whatever you want to do." After Lawrence produced several character witnesses, the court explained its opinion of the case and the various interests involved and pronounced the maximum sentence of 15 years to serve.

1. Lawrence moved to withdraw the guilty plea on the ground that in rejecting the plea agreement, the court did not follow the requirements of *State v. Germany,*[1] later codified in Uniform Superior Court Rule ("USCR") 33.10. "If the trial court intends to reject

[1] 246 Ga. 455, 456 (1) (271 SE2d 851) (1980).

the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced."[2]

Lawrence contended the court did not inform her that she had an opportunity to withdraw her guilty plea as a matter of right. Following an evidentiary hearing on the issue, the court stated that under the totality of the circumstances, it had substantially complied with this requirement because (i) it gave her the opportunity to present evidence and call witnesses or "whatever you want to do," and (ii) her counsel had discussed with her, prior to the hearing, her right to withdraw the plea. It denied the motion.

"What is at stake for an accused facing . . . imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought, and forestalls the spin-off of collateral proceedings that seek to probe murky memories."[3]

The steps to be taken in rejecting a plea agreement are not optional. "[T]he trial court shall, on the record, inform the defendant personally . . . (4) that the defendant may then withdraw his or her guilty plea as a matter of right."[4] Failure to so inform the defendant mandates a reversal of the conviction.[5] As stated in *Sanders v. State*,[6] "[a]lthough appellant did acknowledge his awareness that the trial court was not bound by the state's recommendation, at no time was he informed of his right to withdraw his plea prior to imposition of the sentence. To the contrary, the trial court stated that it would not follow the recommendation, announced the sentence, then refused to allow appellant to withdraw his plea. Under these circumstances the trial court erred in refusing to allow appellant to withdraw his plea of guilty. [Cits.]"[7]

---

[2] USCR 33.10; see *Germany*, 246 Ga. at 456 (1).

[3] (Citations omitted.) *Boykin v. Alabama*, 395 U. S. 238, 243-244 (89 SC 1709, 23 LE2d 274) (1969).

[4] *Germany*, 246 Ga. at 456.

[5] *Stapp v. State*, 249 Ga. 289, 292 (2) (290 SE2d 439) (1982); *Fuller v. State*, 159 Ga. App. 512, 513 (1) (284 SE2d 29) (1981).

[6] 169 Ga. App. 125 (1) (312 SE2d 160) (1983).

[7] See also *Hamm v. Weldon*, 252 Ga. 213, 215 (312 SE2d 335) (1984) (Hill, C. J., dissenting) ("[t]he transcript of the guilty plea proceedings shows that the sentencing court did not,

Stating that the defendant may present whatever mitigation she wishes is insufficient; the court must specifically inform defendant, when rejecting the sentence agreed upon by the State and defendant, that she has a right to withdraw her plea. *Stapp v. State*[8] held that not even the prosecutor asking defendant whether he still wants to plead guilty suffices.[9] Because the court, which has a broad discretion to fashion an appropriate sentence, is wholly free to fix terms other than those the parties jointly desire, the defendant who shall serve the sentence can insist on a trial. To effect this right, defendant must be given an opportunity to invoke it.

This case exemplifies the need for the bright line test. Although the court indicated it intended to reject the plea agreement, it then informed Lawrence's counsel he could present mitigating evidence, which he reasonably took to mean the court had not yet reached a final decision on rejecting the plea but was open to persuasion. Not until the 15-year sentence was directly imposed did counsel realize the rejection of the plea agreement was final. Such ambiguity would not have occurred if the court had followed the steps mandated by *Germany*[10] and USCR 33.10 and expressly informed Lawrence, personally and on the record, that she at that point could withdraw her guilty plea as a matter of right.

An explicit statement is needed, not a veiled reference. Being informed by her attorney before the hearing that she had a right to withdraw the plea if the judge rejected the recommendation does not show she understood the time had come to make that decision and interrupt the proceeding. The undisputed testimony was that the attorney, who believed the plea agreement might still be accepted, did not discuss withdrawing the plea with her during the hearing. As soon as the sentence was announced, her attorney approached the bench and asked to withdraw the plea but was denied.

The consequences are too severe to allow vague statements or implication to supplant the definitive requirements articulated by the Supreme Court of Georgia and court rules.[11] The court erred in denying Lawrence's motion.

2. The decision in Division 1 moots the other enumerations of error.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

---

before pronouncing sentence, inform the defendant of his right, at that point in the proceedings, to withdraw the plea"; conviction should be reversed) (majority held no plea agreement was ever reached).

[8] 249 Ga. at 292 (2).

[9] Compare *Moore v. State*, 225 Ga. App. 860 (1) (485 SE2d 552) (1997) (look to record as a whole to determine if steps of USCR 33.8 followed in assessing voluntariness of plea).

[10] 246 Ga. 455.

[11] See *Boykin*, supra, 395 U. S. at 243-244.

DECIDED OCTOBER 1, 1998.

*John W. Greer III*, for appellant.

*Thurbert E. Baker, Attorney General, Elizabeth D. Redisch, Assistant Attorney General, Cheryl F. Custer, District Attorney, Samuel W. Lengen, Assistant District Attorney*, for appellee.