### A98A2441. LAWRENCE v. THE STATE.
(508 SE2d 238)

BEASLEY, Judge.

Having negotiated a plea agreement of fifteen years to serve six and a $90,000 fine, Irving and Renee Lawrence pled guilty to conspiracy to defraud the State (OCGA § 16-10-21 (a)) and Medicaid fraud (OCGA § 49-4-146.1 (b) (2)). The court rejected the negotiated plea and sentenced both defendants to the maximum time of 15 years to serve. Both defendants moved to withdraw their guilty pleas on the grounds that in rejecting the plea agreement, the court did not follow the requirements of *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980), later codified in Uniform Superior Court Rule 33.10. The court denied the motion, reasoning it had substantially followed the mandates of *Germany* and Rule 33.10. Both defendants appealed.

In *Lawrence v. State*, 234 Ga. App. 603 (507 SE2d 490) (1998), we reversed the judgment against Renee Lawrence, holding the court failed to inform her, personally and on the record, that she could withdraw her guilty plea as a matter of right. The current appeal brought by Irving Lawrence asserts the same fatal error. The court did not inform Irving Lawrence of this right either. Thus, for the reasons set forth in *Lawrence*, we find the court erred in denying Irving Lawrence's motion to withdraw his guilty plea. This decision moots

the other enumerations of error raised by Irving Lawrence.
*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

*James S. Lewis*, for appellant.
*Cheryl F. Custer, District Attorney, Samuel W. Lengen, Assistant District Attorney, Thurbert E. Baker, Attorney General, Elizabeth D. Redisch, Assistant Attorney General*, for appellee.