A99A1580. SMITH v. THE STATE.
(521 SE2d 911)

ANDREWS, Presiding Judge.

Guy Christopher Smith appeals from the judgment entered on his plea of guilty to two counts of statutory rape and two counts of child molestation. Smith contends that, when the trial court rejected his plea agreement with the State, it erred by failing to follow the requirements of Uniform Superior Court Rule (USCR) 33.10.

USCR 33.10 provides that:

> If the trial court intends to reject the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced.

A plea hearing was held on November 23, 1998. Pursuant to the plea agreement, the State told the trial court at the hearing that it

had a sentence recommendation to make to the court. Thereafter, the trial court stated:

> [Y]ou understand that regardless of any joint recommendation between your attorney and the District Attorney or what else [sic] anyone else may have told you[,] that this Court and this Court alone will impose a sentence upon you within the limits set by law which I've explained to you, do you understand that?

Smith responded, "Yes," to this statement and thereafter reaffirmed that he still wished to enter a plea of guilty. The trial court accepted Smith's guilty plea and set sentencing for a subsequent hearing.

Pursuant to the plea agreement, the State recommended to the Court at the subsequent hearing that Smith be sentenced to fifteen years with the first six years to be served in confinement. After the trial court determined that defense counsel had nothing to add, the court immediately imposed a sentence on Smith which rejected the sentence recommended pursuant to the plea agreement and sentenced Smith to a substantially longer term to serve in confinement and on probation.

We agree with Smith that this record fails to show compliance with the requirements of USCR 33.10. Contrary to the State's contention, the above quoted statement by the trial court at the first hearing was not sufficient to comply with the requirements of USCR 33.10. We find nothing in the record which clearly informed Smith prior to pronouncement of sentence, that the trial court intended to reject the sentence recommendation made by the State pursuant to the plea agreement, that the disposition of the case may be less favorable to him than that contemplated by the plea agreement, and that, given the trial court's intention, he was entitled to withdraw his guilty plea as a matter of right prior to pronouncement of sentence. *Fuller v. State*, 159 Ga. App. 512, 513 (284 SE2d 29) (1981). The informational requirements of USCR 33.10 must be satisfied by explicit statements, not by vague statements or implication. *Lawrence v. State*, 234 Ga. App. 603 (507 SE2d 490) (1998).[1] Accordingly, the judgment of the trial court must be reversed.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

---

[1] Smith was not required, as the State contends, to file a motion to withdraw his guilty plea in the trial court in order to preserve his right to a direct appeal from the judgment entered on the plea. *Agerton v. State*, 191 Ga. App. 633, 634 (382 SE2d 417) (1989); *Fuller*, 159 Ga. App. at 513-514.

DECIDED SEPTEMBER 1, 1999.

*Ronald L. Beckstrom*, for appellant.

*J. David Miller, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.