## A01A1029. FORREST v. THE STATE.
(554 SE2d 735)

BARNES, Judge.

Tannis Forrest appeals from an order denying her motion to withdraw her negotiated plea. She contends the trial court erred by (1) holding that her motion was untimely; (2) finding that her plea was freely, knowingly, and voluntarily entered; and (3) failing to ascertain whether there was a factual basis for the plea. For the reasons that follow, we reverse.

The record shows that the trial court, prosecutor, Forrest's counsel, and Forrest signed plea documents that were inconsistent about whether her plea was nolo contendere or guilty, but Forrest and her counsel signed a form stating she wanted to plead nolo contendere. Further, the trial judge's comments during the plea hearing show that the court knew Forrest wanted to plead nolo contendere. The accusation and the final disposition form, signed at the conclusion of the plea hearing, however, state that Forrest entered a guilty plea. The transcript of the plea hearing, however, shows that the trial court did not tell Forrest of its decision to reject the nolo contendere plea.

Forrest then filed a motion to withdraw her plea because it was not knowingly, intelligently, and voluntarily entered and there was no factual basis for it. The trial court's order denying Forrest's motion to withdraw her plea acknowledges that she intended to plead nolo contendere, but states that the court decided to accept a guilty plea instead. Although addressing the voluntariness issue, the trial court denied the motion because it was untimely.

1. Forrest correctly asserts that the trial court erred by finding that her motion to withdraw her plea was not filed within the same term of court. See *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985) (court lacks jurisdiction to withdraw plea after expiration of term in which plea was entered). The record shows that Forrest's plea was entered on June 9, 2000, and her motion to withdraw her plea was entered on July 31, 2000. Since the term of court began on the second Monday in May and the next term of court began on the second Monday in August, Forrest's motion was filed within the same term of court that the plea was entered. See OCGA § 15-6-3 (32) (B). Indeed, the State concedes that Forrest's motion was timely. Because the motion was timely, we will consider its merits.

2. Forrest's second enumeration contends the trial court erred by entering a guilty plea without informing her that it was rejecting her offer to plead nolo contendere. In *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980), our Supreme Court held that

> if the trial court intends to reject [a negotiated] plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced. . . .[1]

(Citations omitted.) See also Uniform Superior Court Rules ("USCR") 33.10; 33.11 (A) and (D).

In *Lawrence v. State*, 234 Ga. App. 603, 605 (1) (507 SE2d 490) (1998), this court established a "bright line test" that requires trial courts to tell defendants *explicitly* that they have the right to with-

---

[1] Although *Germany*, supra, and Uniform Superior Court Rules 33.10 and 33.11 (D) refer to "*guilty* plea," we see no reason why this analysis should not also apply to a nolo contendere plea. (Emphasis supplied.) "Procedurally, a plea of nolo contendere should be handled under these rules in a manner similar to a plea of guilty." USCR 33.1 (B).

draw their plea because the court intends to reject the negotiated plea. We held that the "consequences are too severe to allow vague statements or implication to supplant the definitive requirements articulated by the Supreme Court of Georgia and court rules." (Footnote omitted.) Id. These requirements are not optional. Id. at 604.

In this case, the trial court implicitly rejected the nolo contendere plea by stating that it would "accept your guilty plea," but it did not explicitly tell Forrest that the court was rejecting her offer to plead nolo contendere and that as a result she could withdraw her negotiated plea. Although the trial court points to Forrest's failure to object when the court announced it was accepting a guilty plea, her inaction cannot waive the trial court's failure to comply with the mandates of *Germany* and *Lawrence.*

Moreover, the consequences of a nolo contendere plea differ greatly from those of a guilty plea. A nolo contendere plea "cannot be used as an admission of guilt in any other proceeding, and cannot work any civil disqualifications to hold public office, to vote, to serve upon a jury, or any other civil disqualification imposed upon a person convicted of a crime." (Citation and punctuation omitted.) *Fortson v. Hopper*, 242 Ga. 81, 83 (247 SE2d 875) (1978). See also OCGA § 17-7-95 (c). Therefore, we cannot say that this error was harmless.

Accordingly, the trial court's order denying Forrest's motion to withdraw her plea must be reversed. *Smith v. State*, 239 Ga. App. 776, 777 (521 SE2d 911) (1999).

3. Our holding in Division 2 renders Forrest's remaining enumeration of error moot.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 7, 2001.

*Joseph J. Felker, Jr.*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.