## A04A0783. MULKEY v. THE STATE.
### (595 SE2d 330)

Andrews, Presiding Judge.

Monette Mulkey appeals from the judgment entered after she pled guilty to theft by taking. She claims that after the trial court informed her that it intended to reject the negotiated plea agreement, it failed to inform her that the disposition of her case might be less favorable than that contemplated by the plea agreement. We agree and reverse.

Mulkey pled guilty to theft by taking pursuant to a negotiated plea agreement. At the plea hearing, the court informed Mulkey, "I will follow the recommendation in part and I won't follow it in part." The court did not inform Mulkey that the sentence might be less favorable than the plea agreement. Mulkey pled guilty and the court imposed a harsher sentence than that contemplated by the negotiated plea.

In *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980), our Supreme Court held:

> Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right.

Id. at 456. See also Uniform Superior Court Rule 33.10.

The State acknowledges that the trial court did not inform Mulkey that the disposition of her case might be less favorable than that contemplated by the plea agreement. The State argues, however, that Mulkey was represented by experienced defense counsel who would surely have discussed the possibility of a less favorable sentence with her. But, that is not the law.

In *Lawrence v. State*, 234 Ga. App. 603, 605 (507 SE2d 490) (1998), this Court established a "bright line test" that requires trial courts to give *explicitly* the four statements required by *State v. Germany* and USCR 33.10. "[T]he consequences are too severe to allow vague statements or implication to supplant the definitive requirements articulated by the Supreme Court of Georgia and court rules. These requirements are not optional." (Citations and punctuation omitted.) *Forrest v. State*, 251 Ga. App. 487, 489 (554 SE2d 735) (2001). Therefore, because the trial court failed to follow the directives of USCR 33.10 and *Germany*, supra, we reverse.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 16, 2004.

*Silvis, Ambrose & Lindquist, Douglas K. Silvis, Chris E. Ambrose*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, James L. Prine II, Assistant District Attorneys*, for appellee.