**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 9, 2013**

# In the Court of Appeals of Georgia

A13A1440. BROWN v. THE STATE.

PHIPPS, Chief Judge.

Freddie Brown appeals from the denial of his motion to withdraw his guilty plea, contending that the trial court erred by rejecting the negotiated plea agreement without first informing him that it intended to do so. We agree and reverse.

In *State v. Germany*,[1] our Supreme Court held:

... if the trial court intends to reject [a] plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that

---

[1] 246 Ga. 455 (271 SE2d 851) (1980).

contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right.[2]

"If the plea is not then withdrawn, sentence may be pronounced."[3]

Brown was indicted on two counts of armed robbery, two counts of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted felon. On August 28, 2008, Brown executed a form titled "PLEA OF GUILTY (NOLO CONTENDERE) ACKNOWLED[G]MENT AND WAIVER OF RIGHTS." The form, which was signed by Brown, his attorney, and the prosecuting attorney, provided that Brown: "want[s] to plead GUILTY to . . . Armed robbery (1 count), Robbery (1 count), and Possession of a Firearm by a Convicted Felon."

The form pertinently contained the following:

"Has any plea agreement been made by you with anyone which causes you to plead GUILTY?" Brown placed his initials next to "Yes." The form continued: "If so,

---

[2] *Mulkey v. State,* 265 Ga. App. 631, 632 (595 SE2d 330) (2004); see Uniform Superior Court Rule (USCR) 33.10.

[3] *Lawrence v. State,* 234 Ga. App. 603, 604 (1) (507 SE2d 490) (1998) (punctuation and footnote omitted); USCR 33.10.

exactly what is the plea agreement as you understand it?" Handwritten on the blank lines that followed was this response:

> *Reduce 1 count of Armed Robbery to Robbery, Nolle Prosequi 2 counts of Possession of a Firearm during the Commission of a crime, reccomend (sic) a concurrent sentence on all counts and withdraw recidivist notice [.]*

The prosecuting attorney signed the form on August 28, certifying that he had "carefully examined the foregoing plea, and . . . that all the required and appropriate blanks thereon have been filled correctly to enable the Court to accept the plea and impose sentence."

The same day, at the plea hearing, the prosecuting attorney gave the factual basis for the plea, pertinently stating:

> Pursuant to a negotiated plea agreement between the State and [defense counsel,] the defendant is pleading guilty to count one armed [robbery], pleading guilty on count three for the lesser included offense of robbery by intimidation and pleading guilty to count five which is possession of a firearm by a convicted felon. We have no recommendation as to the sentence in this matter.

3

The prosecuting attorney then informed the court of the sentences Brown's co-defendants had received,[4] and stated "we have no recommendation as to [Brown's] sentence." The defense attorney then commented on the various defendants' roles in the charged crimes and the sentences the co-defendants had received, requested leniency, and added that he understood that recidivist treatment would be waived. The court then pronounced the sentences, which were consistent with those set out in the plea acknowledgment form, except that the sentences for robbery by intimidation and possession of a firearm by a convicted felon would be served *consecutively*.[5] Brown interjected: "It was told on my paper that everything would be [] concurrent." The court replied: "[T]hat would be purely a recommendation. The Court's not required to accept and considering your history it would not be appropriate. That shall be the

---

[4] The indictment also charged two other individuals with the crimes, except for the offense of possession of a firearm by a convicted felon, for which only Brown was charged.

[5] The final disposition and sentence form provided: Count 1 (armed robbery) - 20 years in confinement; Count 5 (possession of a firearm by a convicted felon) - 5 years to run consecutive with Count 1; Count 3 (robbery by intimidation as a lesser included offense of armed robbery) - 5 years to run consecutive to Count 1; and nolle prosequi Counts 2 and 4 (possession of a firearm during the commission of a crime). The 20-year sentence on Count 1 was later clarified so as to provide that 10 years of the sentence would be served in confinement and 10 years would be served on probation.

4

sentence of the Court." Brown (personally and through counsel) immediately asked permission to withdraw the guilty plea, but the court denied the request.

Brown subsequently filed a written motion to withdraw the guilty plea on the ground that, inter alia, the court had rejected the plea agreement without first informing him that it intended to do so. The court denied the motion.

Although "[a]ll plea bargains are subject to the trial court's approval and can never be more than recommendations,"[6] trial courts are nonetheless required

> to tell defendants explicitly that they have the right to withdraw their plea because the court intends to reject the negotiated plea. . . . [T]he consequences are too severe to allow vague statements or implication to supplant the definitive requirements articulated by the Supreme Court of Georgia and court rules.[7]

"The steps to be taken in rejecting a plea agreement are not optional. . . . Failure to so inform the defendant mandates a reversal of the conviction."[8]

---

[6] *Jackson v. State*, 172 Ga. App. 874, 875 (324 SE2d 816) (1984) (citation and punctuation omitted).

[7] *Forrest v. State*, 251 Ga. App. 487, 488-489 (2) (554 SE2d 735) (2001) (citation, punctuation and emphasis omitted).

[8] *Lawrence*, supra (footnote omitted).

5

The court did not inform Brown, prior to pronouncing the sentence, that it intended to reject any part of the plea agreement. Then, after pronouncing the sentence, the court denied Brown's request to withdraw his guilty plea. Thus, reversal is required.[9]

The state's contention that there was no negotiated plea agreement (and thus, that the procedures set out in USCR 33.10 were inapplicable)[10] is belied by the record. The prosecuting attorney stated at the plea hearing that Brown was pleading guilty "[p]ursuant to a *negotiated plea agreement* between the State and [defense counsel]."[11] What is more, the plea acknowledgment form, signed by the prosecutor and Brown, explicitly stated that Brown understood the plea agreement to be that *concurrent* sentences were being recommended. The prosecuting attorney's signature on the form certified that the required and appropriate blanks on that form had been filled in correctly; and the prosecuting attorney did not assert at the plea hearing that

---

[9] See *Thompson v. Greene*, 265 Ga. 782, 784 (1) (462 SE2d 747) (1995); *Lawrence*, supra at 604-605 (1).

[10] See *Rosser v. State*, 273 Ga. App. 745-746 (615 SE2d 842) (2005) (holding that USCR 33.10, which codified the Court's analysis in *Germany* regarding the trial court's duty to inform defendants of its intent to reject negotiated plea agreements, did not apply to a defendant's non-negotiated plea).

[11] (Emphasis supplied.)

6

Brown's understanding of the plea agreement (that concurrent sentences were being recommended) was incorrect.

As this court has recognized: "Negotiated plea bargaining is a dynamic process that involves 'give-and-take negotiations between the prosecution and defense' on often multiple issues. The end result of a negotiated plea agreement is, in essence, a contract between a defendant and the State."[12] Here, a plea agreement was negotiated and reached, and that signed agreement included a recommendation of concurrent sentencing. If the trial court intended to reject the terms of the plea agreement, it was required to so inform Brown (and to permit him to withdraw his guilty plea).[13] Under the circumstances, the judgment must be reversed.[14]

---

[12] *Clue v. State*, 273 Ga. App. 672, 674-675 (615 SE2d 800) (2005) (citations and punctuation omitted); see *Brown v. State*, 261 Ga. App. 115, 116-117 (582 SE2d 13) (2003); *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332) (1993) (a plea bargain agreement may be considered as a contract).

[13] See *Jackson*, supra; see generally *Sanders v. State*, 169 Ga. App. 125 (1) (312 SE2d 160) (1983) (reversing trial court's denial of defendant's motion to withdraw his guilty plea where trial court had stated that it would not follow the state's recommendation as to sentence, pronounced sentence, and then refused to allow defendant to withdraw his guilty plea which had been based on the agreement; trial court had not informed defendant, prior to imposing the sentence, of his right to withdraw his plea).

[14] See *Smith v. State*, 239 Ga. App. 776, 777 (521 SE2d 911) (1999) (reversing judgment where trial court rejected a plea agreement without complying with the

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*

---

requirements of USCR 33.10 prior to pronouncing sentence); *Lawrence*, supra; *Jackson*, supra.

8