**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 21, 2016**

# In the Court of Appeals of Georgia

A16A1158. UNDERWOOD v. THE STATE.

PER CURIAM.

Trimaine Underwood appeals from the trial court's denial of his motion to withdraw his guilty plea, arguing that when the trial court rejected his plea agreement with the State, it failed to comply with the requirements of Uniform Superior Court Rule ("USCR") 33.10 and *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). We agree and reverse.

In January 2012, Underwood was charged with two counts of theft by shoplifting. At his plea hearing in June 2014, he presented a negotiated plea agreement to the trial court. Under the terms of that agreement, the State recommended a sentence of two-and-a-half to three years' confinement followed by probation, concurrent with any other sentence Underwood was serving, and a waiver

of recidivist treatment. After the State recited the factual basis for the plea and summarized Underwood's lengthy criminal history, the trial court stated that it would not accept the negotiated agreement. Specifically, the court stated:

> And the Court is going to reject the plea agreement in the case. I'm going to tell you what I'm inclined to do in the event Mr. Underwood would like to reconsider. I'm inclined to sentence him to ten years of incarceration on count 1, followed by ten years of probation on count 2, if you would like to consider that.

Underwood conferred with his attorney, who advised the court that Underwood still wanted to plead guilty. The trial court then entered a judgment of conviction and imposed the twenty-year sentence it had described. Underwood subsequently filed a timely motion to withdraw his guilty plea, which the court denied. This appeal ensued.

In *State v. Germany*, our Supreme Court held that where the trial court intends to reject a negotiated plea agreement,

> the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) *that the defendant may then withdraw his or her guilty plea as a matter of right*.

2

(Emphasis supplied.) 246 Ga. at 456 (1). See also USCR 33.10. We have described this rule as a "bright line test" that requires the trial court to "expressly" inform the defendant, "personally and on the record," of his right to withdraw his guilty plea. See *Lawrence v. State*, 234 Ga. App. 603, 605 (1) (507 SE2d 490) (1998). And in a case where the trial court failed to give a statement that was required by the rule – there, an explicit statement that the court intended to impose a harsher sentence than contemplated by the agreement – we rejected the State's argument that this deficiency was cured by the fact that the defendant "was represented by experienced defense counsel who would surely have discussed the possibility of a less favorable sentence with her." *Mulkey v. State*, 265 Ga. App. 631, 632 (595 SE2d 330) (2004).

Here, as in *Mulkey*, the trial court did not explicitly advise Underwood of all four of the principles identified in *State v. Germany* and USCR 33.10. Specifically, the court did not advise Underwood that, because it had decided not to impose the recommended sentence, he could withdraw his guilty plea as a matter of right, which the State concedes on appeal. Further, as in *Mulkey*, this deficiency was not cured by defense counsel advising the defendant, off the record, of the same principle. See *Mulkey*, 265 Ga. App. at 632. Accordingly, the trial court's failure to comply with the directives of USCR 33.10 and *Germany* necessitates a reversal in this case.

3

*Judgment reversed. Division Per Curiam. All Judges concur.*